Judge Simpson
delivered the opinion of the Court.
This action was brought in the Kenton circuit court to enforce a mechanics’ lien, for materials furnished and work done in building a dwelling house for the defendant White. For the balance due to the plaintiff on this account, the defendant, after the completion of the work, executed to him four notes, one due in six months, one in twelve months, one in eighteen months, and the other in twenty-four months from the time of their execution, each note being for the same amount.
The act of the legislature, under which the lien is claimed, after giving to certain persons performing labor or furnishing materials, a lien to the extent of the labor done and the materials furnished, provides, that any person having a lien under the act, may enforce the same by filing a bill in the circuit court, at any time within one year from the completion of the work or furnishing the materials.
The question that arises in this case is, did the plaintiff by extending the credit beyond the time allowed by the act for the enforcement of the lien, waive the lien with respect to the payments thus postponed, or did the lien still exist, provided he commenced his action within the year ?
2. If the party, by contract, postpone the payment for the work or materials, or part there of, beyond the period of one year the lien is lost, so far as the payment cannot be demanded within the year.
It was obviously the intention of the legislature to limit the duration of the lien, and to require its assertion by suit within the time prescribed. If no suit be brought within the year, the lien given by the statute is lost, there being no other mode allowed for its enforcement. The necessary consequence would seem to be, that if a party places himself in a position which renders him unable to bring a suit to enforce the lien, within the time limited, he thereby virtually waives it, having deprived himself by his own voluntary act, of the right to enforce it.
No action can be brought for the enforcement of a lien, before the debt becomes due, the payment of which it is designed to secure. An action may be previously brought to prevent a destruction or removal of the property to which the lien attaches, that might endanger the sufficiency of the security; but an action for the sole purpose of enforcing a lien cannot be maintained until the debt falls due.
The plaintiff brought this action within a year from the time of the completion of the work. But as only one of the notes fell due within the year, the lien could only be enforced to that extent. The bringingof the suit could not save the lien so far as the other notes were concerned, because no action could be maintained upon them until they became due; and also, because the plaintiff had, by agreeing to postpone their payment to a period that rendered the enforcement of the lien with respect to them, impracticable ; in effect waived the lien conferred upon him by the act, which he could not receive by claiming the benefit of it, in an action which he could only legally institute or maintain within the year, for the instalment which was payable within that period of time.
Wherefore, the judgment is affirmed.