## Case No. 6,474.

The HIGHLANDER.

[See Case No. 12,604.]

---

## Case No. 6,475.

The HIGHLANDER.

[4 Blatchf. 55.] [1]

Circuit Court, S. D. New York.   May 5, 1857.

MARITIME LIEN UNDER STATE LAW—WAIVER—REPAIRS OF VESSEL.

1. Where the owner of a steamboat agreed to pay by instalments for a boiler to be built for the vessel, the last instalment to be paid by his giving a note at three months from the completion of the boiler, but he did not give the note: *Held* that, under the lien law of New York (2 Rev. St. 493, §§ 1, 2), the lien of the builder on the vessel for the amount of such last instalment was not displaced by the agreement as to the note.

[Cited in Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 721, 3 Sup. Ct. 606.]
[Cited in Dey v. Anderson, 39 N. J. Law, 203.]

2. On the failure of the owner to give the note, the credit ceased, and the demand became immediately due.

3. If the note had been given, the lien would have been waived.

[Appeal from the district court of the United States for the Southern district of New York.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was a libel in rem, filed in the district court, against the steamboat Highlander, to recover a balance of $1400 and interest, due on a special contract for the building of a boiler for that vessel, and also $1488.95, for work done over and beyond the contract. The district court rendered a decree in favor of the libellants, on both claims [case unreported]; and the claimant appealed to this court. The claim for the $1488.95 was not seriously disputed. The claim for the balance due on the special contract was contested, on the ground that credit was given to Cornell, the owner, and not to the vessel. By the contract, which was made February 2d, 1855, Cornell agreed to pay for the boiler by paying $1000 on the 1st of March, $1000 by the 1st of April, $1000 when the boiler should be on board and complete, and the balance by a note, payable three months from the time of completion. Cornell neglected or refused to give the note, as agreed.

Erastus C. Benedict, for libellants.
Dennis McMahon, for claimant.

NELSON, Circuit Justice. There is no question that the balance of the contract price for the boiler is due and payable, but it is insisted that the builder had no lien on the vessel, as the credit was given to the owner. The Highlander is a domestic vessel, and the lien, therefore, depends upon the state law. That law, at the date of the contract, provided that the lien should cease twelve days after the vessel had left the port for some other one within the state. 2 Rev. St. p. 493, §§ 1, 2. By a subsequent law, passed March 25th, 1855, the time is extended to sixty days. Sess. Laws 1855, p. 174, §§ 1, 2. So far as the question here is concerned, the latter law is not important. The contract was made before its enactment, and, of course, with reference to the old law.

On the part of Cornell, it is insisted, that the agreement to take a note at three months, for the last instalment was inconsistent with the idea of a lien on the vessel, as the event, to wit, leaving her port, would, in all human probability, occur more than twelve days before the credit of three months would expire, and hence that no lien could have been in the contemplation of the parties as to that payment.

On the part of the libellants, it is claimed, that the whole of the contract price became due on the completion of the work, but the last instalment was to be paid by a note at three months; and that, as the note was not given or tendered, that instalment became immediately due. The question is a close one, and I have entertained some doubts about it. Judge Ingersoll, who decided the case below, came to the conclusion that the lien existed, and enforced it by his decree. The mere giving of credit does

not necessarily displace the lien. That has been held in several cases. The ground here is not that a credit was given, but that the credit was inconsistent with the idea of a lien, for the reason, that, unless the boat should remain at her port for the three months, the lien would be lost by the terms of the statute; and that this must have been within the contemplation of the parties. The case of Peyroux v. Howard, 7 Pet. [32 U. S.] 324, bears somewhat on this question. There, a contract giving an unconditional credit, extending beyond the time which the law fixed for the duration of the lien, was considered to be inconsistent with the idea of a lien, and to operate as a waiver of it. The difference between that case and the present one is, that the credit given here was not absolute, but conditional upon the owner's giving a note at three months. On his neglecting or refusing to give the note, the credit ceased; for, the demand then became immediately due and payable, according to well-settled law. Now, it may be going too far to say that the builder must have intended to waive the lien in the event of the refusal to give the note; for the case comes down to that. I agree that he would have waived it, if the agreement had been kept on the part of Cornell, and the note had been given. But there is certainly much justice in saying that, on his refusal to keep the agreement in respect to the last instalment, the builder also ought not to be bound by the agreement, but should be remitted to his rights independently of the contract. It may have been material to him, whether this balance should remain in account, or in a note upon which funds could be raised.

The state act is very strong and positive. It declares that such debt, (one like that of the libellants,) "shall be a lien upon such ship or vessel, &c., and shall be preferred to all other liens thereon except mariners' wages." There is no condition or qualification attached, as in the case of maritime liens, in the admiralty, except that the work must be done on the vessel or the supplies furnished to do it. The affirmative therefore, lies on the claimant to displace the lien. That, it is insisted, has been done, by showing a contract inconsistent with any such lien. This assumes, however, that the contract has been fulfilled, in which event the inference is clear. But, is the party equally subject to this inference when the contract has been broken? It seems to me not. As I read the contract, the builder agreed to give three months' credit, on the owner's giving him a note of that tenor; if not, then no credit was given. This is certainly the legal effect, in case of the refusal to give the note, and I do not see why it should not be considered as the meaning and intent of the parties. Upon the whole, I am inclined to agree with the court below, and to affirm the decree.