McMURRAY *et al.*, Respondents, v. TAYLOR, Appellant.

1. The taking of a promissory note does not extinguish an open account; upon the production of the note a recovery may be had on the account.
2. Where a note has been taken for an indebtedness evidenced by open account, and a receipt given therefor, a statement in the receipt to the effect that the note was taken "in settlement of the account" would not be sufficient, alone, to authorize the court to submit to the jury, by instruction,

30  263
38a  94

30  263
47a  447

30  263
59a  85
59a  334

30  263
138  57

30  263
168  2 19
92a  2352

the issue whether the note was taken in payment or satisfaction of the account.

3. If a contractor, who has furnished materials for, and expended work and labor upon, the construction of a building for another, receives from the latter a promissory note for the sum due, payable at a time beyond the expiration of the period within which he must file his lien under the act with respect to mechanics' liens, but within the period within which suit must be commenced, if at all, to enforce the lien, he will not thereby have waived his right to file his lien or to enforce the same against the building; he merely suspends his right of action. The filing of the lien is not the bringing of a suit.

### Appeal from St. Louis Land Court.

This was a suit to enforce a mechanic's lien. It is sufficient to state, in addition to the facts set forth in the opinion of the court, that the amount found at the settlement on December 20, 1856, to have been due the plaintiffs at the time of the completion of the work, November 29, 1856, was $1,610.87. The note given the plaintiffs on the 20th of December was for this sum, including legal interest up to that date—$1,635.03. In this suit the plaintiffs claim $1,610.87, with interest from November 29, 1855. The said sum of $1,610.87 was found to be due the plaintiffs by decision of arbitrators. Evidence was introduced to prove that it was agreed between the parties that a note payable in ninety days was to be given for the sum found to be due by the arbitrators. One of the witnesses testified, with respect to a receipt given by plaintiffs for the note given, as follows: "The language of the note was that the note was taken in settlement of the account. It did not state that it was in full when the note was paid."

The court refused the following instructions asked by defendant: "1. If the jury believe from the evidence that the plaintiffs took the note of the defendant at ninety days and receipted the account, then the note was, *prima facie*, a payment of said account, and the filing of said account in the clerk's office of the land court was a nullity and gave plaintiffs no lien on the premises described in the petition. 2. The taking of the note of the defendant by plaintiffs sus-

pended all proceedings and remedies on the account till the maturity of the note, and the filing of the account before the note became due did not secure to plaintiffs any lien. 3. In order to secure a lien on the premises described in the petition, it was necessary that the demand of plaintiffs should be due and payable within ninety days from the completion of the work and furnishing the materials, and that within said ninety days the demand should be filed in the clerk's office of the land court; and the taking by plaintiffs of a note payable more than ninety days from the completion of the work and the furnishing of the materials, was a waiver of plaintiffs' lien; and if such note was taken by plaintiffs, the jury will find for the defendant. 4. If the jury believe from the evidence that plaintiffs agreed to take defendant's note at ninety days for such sum as the arbitrators might find due plaintiffs in payment of the demand due them, and did so take defendant's note, then the jury will find for defendant."

*Gray*, for appellant.

I. The plaintiffs, by taking a note payable after the expiration of the ninety days allowed by the lien law, waived and lost their lien. (9 Mo. 59, 64, 67; 5 Beav. 415; 2 Cr. M. & R. 187.) Plaintiffs could not sue on the account, nor file a lien, nor take any steps, preliminary to a suit. (See 16 B. Monr. 605.) The moment plaintiffs took the note and receipted the account, the account was merged in the note, at least for the time the note had to run. Admit that after the dishonor of the note, the account might be resuscitated and proceeded on by surrendering the note, yet they could not do this before the note became due. Till the note became due the only demand was on the note. At the date of the filing of the lien the true demand was on the note. Plaintiffs filed only the account. Besides, there was testimony tending to prove that plaintiffs took the note as payment. The court, therefore, erred in refusing the instructions asked.

*H. N. Hart*, for respondents.

I. The promissory note was not an extinguishment of the

original indebtedness. (1 Hill, 516 ; 1 Cow. 290 ; 5 Wend. 490 ; 19 Wend. 516 ; 21 Wend. 450.) Nothing but an express extinguishment by release or payment will discharge the lien. (See 2 Browne, 297 ; 5 Watts, 119 ; 2 Binn. 146 ; 5 Binn. 552 ; 2 Miles, 214, 45 ; 3 Scam. 201 ; 9 Mo. 65 ; 22 Mo. 138 ; 13 Johns. 240 ; 1 Ashm. 29 ; 2 Wheat. 390 ; 2 Camp. 329.)

SCOTT, Judge, delivered the opinion of the court.

This was a suit on a mechanic's lien. The materials were furnished and the work completed on the 29th of November, 1856. On the 20th of December following, the account was closed by a negotiable note of the defendant, payable to the plaintiffs ninety days after date. On the 25th of February, 1857, before the note was due, the plaintiffs filed in the land court a lien for the materials furnished and labor performed by them for the defendant. The lien was founded on the account for materials and labor, which had been closed by the note dated 20th of December, and payable ninety days after date.

On the following statement of facts the question arises whether the lien of the plaintiffs was extinguished. By the ninth section of the act concerning mechanics' liens, a contractor is required to file his lien within ninety days after the materials are furnished and the work is done ; and by the twentieth section of the same act he is required to commence a suit within nine months from the time of filing his account as a lien. We see no reason why the facts detailed should affect the plaintiffs' lien. It does not appear that the defendant was injured in any way, or that any injury could result from taking a note payable at a future day, but within the time within which the suit must be commenced to enforce the lien. Would it be maintained that a note payable on demand or at sight would have such an effect ? A note does not extinguish an open account. Upon the production of the note a recovery may be had on the account. The giving of a day for payment was a benefit to the defendant, and it did not injure

him as it was payable within the time within which the plaintiffs were required by law to bring their suit to enforce the lien. Without the note the plaintiffs might have delayed suit beyond the time of payment given to the defendant. As the note did not extinguish the account, nor the delay injure the defendant, on what ground or principle can it be maintained that the plaintiffs have lost or waived their right to enforce the lien? The giving of the note was at most but a suspension of the right of action. There is a difference between the suspension and the extinction of a cause of action. By giving time for payment, the plaintiffs did not impliedly waive their right to file their lien. The filing of the lien was no step in the bringing of a suit. That was a means only of securing their debt which they might afterwards pursue or abandon at their pleasure.

A witness stated that a receipt was taken for the account; that its language was that the note was taken in settlement of the account. We are of the opinion that there was no error in the court's refusing the instruction asked by the defendant, to the effect, that if the plaintiffs agreed to take defendant's note at ninety days in payment of the demand due them, and did so take the defendant's note, they will find for the defendant. There was no evidence on which to found such an instruction. The cases abundantly show this. (Glenn v. Smith, 2 Gill & John. 493 ; Muldon v. Whitlock, 1 Cow. 306 ; Tobey v. Barber, 5 John. 68 ; Putnam v. Lewis, 8 John. 389 ; Peters v. Beverly, 10 Pet. 532.) In suitable cases, where there is evidence that a note was taken in satisfaction of an open account, it is a question to be left to the jury. But on the authority of the cases cited, there was no evidence tending to establish that fact.

The account on which this proceeding was had became due under the general law concerning mechanics' liens, and its provisions have been referred to, as they make no change in the case from what it would have been under the act subsequently, on the 14th February, 1857, enacted for St. Louis

county. . The reference to that act is not intended to imply that this case should have been governed by the general law.

Judgment affirmed, with ten per cent. damages. Judge Ewing concurs. Judge Napton absent.