## HENRY EHLERS, Adm'r, vs. S. T. ELDER.

1. MECHANIC'S LIEN: *Its creation. Statute of limitations.*

The mechanic's lien is a creature of the statute. It exists on certain conditions independent of any special contract. It is unknown to the common law, and is a cumulative remedy which may be concurrently pursued in connection with the ordinary actions for the collection of debts. Two conditions are prescribed upon which it is available to a creditor: (1) He must furnish the material or labor for the purposes defined; and (2) He must bring his action within six months after the money * * claimed becomes due. Sec. 1609, Code of 1871. If no time be fixed by contract to pay for the material furnished or labor done, then the law implies a contract to pay presently on delivery or performance, and from that date a computation of the six months, within which to bring suit, should begin. The statute of limitations begins to run on the day the money becomes due by the terms of the original contract.

2. Same: *Waiver of lien.*

　　The acceptance of a note payable at a future day, by a creditor claiming
　　the lien, is an abandonment of the lien, if by the terms of the note the
　　time of the payment has been extended beyond the date as fixed by the
　　original debt, but if the note conforms to the terms of the original con-
　　tract of lien or purchase, then the note is but a memorial of such con-
　　tract, and the statute begins to run from its maturity.

Appeal from the Chancery Court of *Jasper* County.

Hon. William G. Henderson, Chancellor.

The bill alleges that complainant furnished to the defendant's
intestate, lumber to build a certain water craft, called "Harry
Budding," and which was used in the construction of the said
craft. That the said lumber amounted in value to $771.17.
That to secure the payment of the said debt, the defendant, said
intestate (Wm. Ehlers), executed and delivered to complainants
his promissory note in writing, dated the 18th of November, 1873,
whereby he promised to pay to Borden & Elder or order, ten
months after date, the said sum of $771.17, for sawing and fur-
nishing lumber for the schooner he was building, with interest at
eight per cent. from date; that the same remains due and unpaid,
except $112.05. That at the October term of the circuit court
of Jackson county, and within six months after the said note
became due, and within the time limited by law, they filed their
petition to subject said schooner to sale for the pay of the sum
due as aforesaid, and to enforce the lien given them by law for
the material and lumber so furnished as aforesaid.

That since the institution of said proceedings, the said Wm.
Ehlers has died, and Henry Ehlers has been appointed his
administrator, and that he has obtained an order and advertised
said schooner for sale, and will proceed to sell unless restrained.
An injunction was prayed for and granted. Defendant demurred
to the bill on the following grounds, to wit:

1. Because there is no equity on the face of the bill.

2. Because there are no grounds set forth or reasons given, why
an injunction should issue in this case.

3. Because it is not alleged or shown when the money became due and payable.

4. Because it is not alleged or shown that any suit was commenced in the circuit court of the proper county to enforce the lien.

5. Because it is not shown how the estate will be declared insolvent.

6. Because of various other defects in the frame of the bill.

The defendants afterward, by leave of the court, filed another demurrer, setting up the same grounds, but more at length and in detail.

The demurrer was overruled by the chancellor, and the case comes to this court on appeal.

*Harris & George,* for appellant:

The mechanic's lien is the creature of statute and should be construed strictly. Suit must be commenced within six months after the money becomes due and payable. Code, 1871, § 1609. The bill does not show that suit was commenced within the time prescribed by statute. The bill shows that the note was taken as a security for the original debt. See 2 S. & M., 687; 27 Miss., 772; 28 id., 318. Such statutory liens cannot be preserved if their beneficiaries deviate from the contract as originally made and secured by the statute; parties will not be permitted to extend the time when the lien shall attach, and thus indefinitly postpone others less favored.

*W. L. Nugent,* for appellee:

The claims of mechanics are favored, and the court will construe the statute, giving them a lien for their work and materials, liberally in their favor. 2 How., 27; 43 Miss., 90. It is not necessary to create this lien that the contract should be in writing. 7 How., 670; 10 S. & M., 627; cited Code, 1871, § 1603. No presumption of waiver can arise unless some act is done with intention to waive the peculiar remedy, or unless there is a specific contract inconsistent with the existence of the law. 7 Peters, 324; 6 Ala., 50; 25 id., 331; 5 id., 363; 2 Miles,

214; 2 Brown, 297; 4 Watts & Long, 257; 14 S. & R., 32; 5 Watts, 118; 5 Bush (Ky.), 314; 2 Scam., 472.

SIMRALL, J., delivered the opinion of the court.

The mechanic's lien is not dependent on any special contract. It results from the fact that lumber has been used in the erection of the house, or construction of the vessel, or that mechanical labor and skill have been expended on the work. On these conditions, by force of the statute, it attaches in favor of the material man, or the mechanic. Having no recognition in the common law, it is altogether the creature of the statute, for its origin, character and duration. It would follow that the creditor who asserts the peculiar advantages and preferences, which the statute gives, must show that his case is within it. The suit for its enforcement is in part a proceeding *in rem*, and may be cumulative and additional to any ordinary action for the collection of the debt. Both remedies may be pursued at the same time. Brown *v.* Brown, 2 Sneed (Tenn.), 431; Black *v.* Lackey, 2 B. Mon., 257; F. T. Company *v.* Coventry, 10 Johns., 388.

This statutory line is available on two conditions: 1. That the lumber was furnished about the erection of the boat, (Code 1871, § 1603); and, 2. That the creditor brings his suit " within six months next after the time when the money claimed * * became due." § 1609, Code. To create this peculiar incumbrance, which is without record or notice, nothing is necessary except such as is manifested by a collection of the material and beginning the work. The creditor must comply with the statute. If no time be fixed by express contract to pay for material, the law implies a contract to pay presently—on delivery; and on that day the money would be due, and from that time a computation of the six months, within which suit must be brought, should begin. The parties, under sec. 1609 of the Code, may agree as to the time of payment, whereby the postponement would be longer than six months after the delivery of the lumber.

There is some difficulty in apportioning the time, where there

have been several deliveries of lumber, running through several months. If the contract be one and continuous as to furnish all the lumber for building the schooner, or all of a particular class, then the debt will, by implication, be due on the last delivery, and suit within six months from that date is well brought. Hill *v.* Milligan, 38 Penn. St., 237 ; Livermore *v.* Wright, 33 Mo., 32.

Recurring to the allegations of the bill, let us see whether the complainant makes a case within the statute. It is averred that the lumber was delivered to the defendant at his request, and used in building the schooner. That to secure the payment of the money  *  *  the said Ehlers (the defendant), executed  *  *  his note, dated November 8, 1873, due and payable ten months after date, for $771.17, with interest at 8 per cent. from date. Within six months after maturity of the note, the plaintiffs brought suit at law to enforce their lien on the vessel. Like other implied liens, it is competent for the creditor to waive them by taking other security. Whether a waiver has been made is a question of proof. If the contract between these parties was that upon delivery of the lumber the money was to become due ten months thereafter, then the suit has been brought in due time. The giving of the note would be of no other than a written memorial of the contract. It was said in Jones *v.* Alexander, 10 S. & M., 629, that "parties will not be permitted indefinitely to extend the time when the lien shall attach."

In those states where the acceptance of a note for an antecedent debt is not actual payment and satisfaction, it has been very generally held that the taking of a note by the material man does not discharge the lien. McMurray *v.* Taylor, 30 Mo., 263 ; 11 id. 289. But such note must be payable within the time limited by statute for the enforcement of the lien. Id.; Graham *v.* Holt, 4 B. Mon., 64. This lien must stand exclusively on its statutory basis, and cannot be extended or enlarged to the prejudice of other parties acquiring liens or having interests in the property. Christian *v.* O'Neal, 46 Miss., 673.

In some of the states the statutes limit the suit to a certain

time, as six or twelve months after the building is completed or the materials furnished. Our statute is "within six months next after the time when the money due and claimed by such suit becomes due and payable." If the contract in this case was that the lumber should be paid for ten months after its delivery, the acceptance of the debtor's note would not, under our decisions, have the effect of waiving the lien, because we do not ascribe to the acceptance of the note a payment and discharge of the original debt.

The effect would be the same if, by the contract of sale, the purchaser was to give his note with that extension of time. But if the note was given to extend the credit beyond the time fixed by the original agreement, then as to third persons who might be injured thereby the lien would not be carried forward and extended to the maturity of the note.

The bill alleges that Henry Ehlers, the purchaser of the lumber, has died, and that his estate is insolvent, and that his administrator has taken legal steps to sell the schooner. The effort is to vindicate the lien against the general creditors of the estate.

If the complainant does not bring his special action within six months after the "money becomes due and payable," then the lien has expired. The allegation is that the lumber was delivered at Ehlers' request, and "that to secure the payment of the money, Ehlers executed his note dated November 8, 1873, due ten months thereafter." If Ehlers requested the delivery of lumber, and it was delivered, then the money would be presently due upon completion of the delivery, and he could at once have sued on his lien. If in this state of case the time of payment was extended by the note, it was done at the peril of the creditor. The bill does not allege that the lumber was sold on a credit of ten months after the 8th of November, or after complete delivery had been made; all the allegations of the bill may be true, and yet the debt may have been due and the time of payment postponed by the note. The case of Jones v. Alexander, 10 S. & M., 629 (*supra*), arose under the act of 1840, which required suit to be brought within "twelve months from the time payment should have been

made by virtue of such contract," and the court held that the taking of the note, whereby the debt was postponed for a longer time than twelve months after the debt was originally due, defeated or abandoned the lien.

In the case we are considering, it was a continuous contract for lumber to build the schooner. If nothing more is shown, the debt would be due on delivery of the last lot, and suit should have been brought within six months thereafter. But under the statute of 1840, as under the Code of 1871, § 1609, the purchase of the lumber may have been on a credit, and under either statute the suit must be brought within the time limited (in the former twelve months, in the latter six months), after the credit expires.

The bill does not show (as it must, to obtain relief) that the suit at law was brought within six months after the debt was due by the contract of purchase.

To put the most favorable construction on its allegations, it is doubtful whether the note did not extend the payment of the present debt, or whether the purchase was upon the credit of ten months, secured by the note.

For this reason, we think the demurrer to the bill ought to have been sustained.

Rendering such judgment as the circuit court ought to have rendered, we sustain the demurrer, and remand the cause, with leave to complainants to amend their bill, if the facts will warrant it, and application be made so to do.