† SCUDDER & al. versus BALKAM.

By § 35, c. 125, R. S., it is provided that " any ship carpenter, caulker, black-
smith, joiner or other person who shall perform labor or furnish materials
for or on account of any vessel, building or standing on the stocks, or under
repairs after having been launched, shall have a lien on such vessel for his
wages or materials, until four days after such vessel is launched, or such re-
pairs have been completed; and may secure the same by attachment on
said vessel within that period, which shall have precedence of all other
attachments."

But, for materials so furnished when sold on time, which has not elapsed
when the four days after the vessel is launched, have expired, no lien can be
secured. In such cases the lien is waived.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

ASSUMPSIT, for materials furnished for and on account of
a vessel building and standing on the stocks in defendant's
ship-yard, on which plaintiffs claimed a lien for the amount
of said materials.

An attachment of the vessel on the stocks was made in
the manner provided by law for attachments to secure liens
for materials furnished.

The account annexed to the writ was not disputed, but
the defendant offered evidence tending to prove that the
materials were sold on credit, which had not expired when
this suit was commenced.

Upon the evidence before the jury, several requests for
specific instructions were made which became immaterial.

Upon the principal point in controversy, the Judge in-
structed the jury, that upon the admissions made, plaintiffs
were entitled to recover, unless the defendant had proved
to their satisfaction that the goods were purchased on a
credit, which had not expired at the time this action was
commenced.

A verdict was returned for defendant, and exceptions
were filed by plaintiffs.

*Hayden*, in support of the exceptions.

1. The statute gives a lien to be enforced by attachment,
and this lien is not affected by giving credit. Effect must

be given to the statute. R. S., c. 125, § 35; 12 Pick. 313; *Sawyer* v. *Fisher*, 32 Maine, 28.

2. As the statute provides for attaching without taking possession till after launching, no injury is done to defendant, and if he wishes to avoid the attachment, he must show a tender after the launching, or an offer to pay or secure the claim.

*Pike, contra.*

The only question here is, whether the plaintiffs had a right of action against the defendant at the time of suit, according to the contract. The fact that the demand was secured by lien was of no more consequence in determining the issue than if it had been secured by mortgage. The lien is but part of the remedy for collecting the debt.

For all that appears, this claim may be partly lien and partly non-lien claim, and so invalid. *Johnson* v. *Pike*, 35 Maine, 291; *Pearsons* v. *Tincker*, 36 Maine, 384.

On the question if the term of credit had expired, the jury here found that it had not.

Upon exceptions the Court cannot consider the correctness of the verdict. *Burnham* v. *Toothaker*, 19 Maine, 371.

RICE, J. — The question presented by the exceptions, on which reliance was had at the argument, was, whether a party who had furnished materials for the construction of a vessel, on credit for a given period, can avail himself of the lien given by § 35, c. 125, R. S., by an attachment, before the term of credit had expired.

The intention of the statute was to give to those persons who performed labor, or furnished materials for the construction or repair of vessels, additional facilities for securing payment for such labor or materials. The statute in no way modifies or changes the obligation of the contract; it applies to the remedy only. The peculiar advantages which it affords to a lien claimant are, that he may resort to the vessel upon which the labor was performed, or for which

the materials were furnished, without regard to the question of ownership, and his attachment, when made, shall have precedence of all other attachments.

To avail himself of these advantages, however, he must be in a situation to make a valid attachment. But before he can make such an attachment, he must have an existing right of action. His right of action must of course depend upon the terms of his contract. If his action be not maintained, his attachment is forthwith dissolved, under the general law.

The law has dispensed with none of the elements, in this class of cases, which are ordinarily necessary to give a right of action. If therefore the plaintiffs chose to give so extended a credit that no action could be maintained until after the time, during which a lien could be secured, had elapsed, they must be deemed to have voluntarily waived their lien, and relied upon the personal security of the parties to whom credit was given.

The case being before us on exceptions, the question whether the verdict of the jury was sustained by the evidence, cannot be considered. *Exceptions overruled.*

*Judgment on verdict.*