## ANDREW J. WILLISON *vs.* JOHN C. DOUGLAS.

*Mechanics' Lien— Waiver of Lien.*

It is provided by section 3 of Article 67, Revised Code, that a mechanics' lien shall not be considered as waived, "by granting a credit, or receiving notes or other securities, unless the same be received as payment, or the lien be expressly waived;" but if an express contract under seal be entered into inconsistent with the operation of the lien, the lien is expressly waived by the legal effect of such express contract.

A material-man agreed to accept part of his claim in cash, and a mortgage for the balance. The owner of the house made the cash payment as agreed upon, and offered to give a mortgage for the balance, which was refused, and thereupon offered to pay the sum intended to be secured by the mortgage in cash, which was also refused. HELD:

That the mechanics' lien of the material-man was waived by his agreement to accept the mortgage security.

APPEAL from the Circuit Court for Alleghany County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, and BRYAN, J.

*Robert H. Gordon,* for the appellant.

*David W. Sloan,* and *A. Hunter Boyd,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The appellant filed a bill in the Circuit Court for Alleghany County, for the enforcement of a mechanics' lien.

No question in relation to the regularity of these proceedings has been presented. If it be conceded that the plaintiff ever had any lien which could be enforced, the mode of procedure has been in strict conformity with the requirements of the statute. That the materials for the erection of the building, were furnished, is not denied; but the question presented for determination is in relation to the proper construction and effect to be given to certain agreements entered into by the parties interested, some months anterior to the time when this lien claim was filed. These proceedings were commenced on the 29th day of December, 1882. The claim is for materials furnished between the 25th day of May, 1882, and the 22nd of September in the same year. On the 3rd day of June, 1882, which was very shortly after the first delivery of materials, an agreement under seal was executed by Schofield the contractor, by Willison the plaintiff, who furnished the lumber, and by one Brady, jointly. By the terms of this contract the building was to be erected, in conformity with the specifications, for the sum of $1493. These specifications, under seal, were signed by the parties aforesaid, who, at the same time, executed a bond, by the conditions of which they were to "save the said John C. Douglas harmless from any and all liability for work and labor done upon, or materials furnished for, said building beyond the sum of $1493." Douglas then signed an agreement to pay $500 on delivery of the lumber, and another sum of $500 on completion of outside building, and to execute a mortgage in favor of Willison for $493, bearing interest at five per centum per annum, and payable in two years. The proof shows that one thousand dollars was paid by Douglas in cash, in accordance with the terms of the agreement, and the plaintiff, Willison, admits in his testimony that he agreed to receive from Douglas a mortgage as security for the balance amounting to $493. It is

shown by the evidence 'that Douglas afterwards offered to execute the mortgage, and that Willison refused to accept it on the ground that Douglas only had an equitable title to the property ; and that Douglas then offered to pay the sum intended to be secured by the mortgage in cash, which offer was rejected by Willison. It is also proved that Douglas has already paid other lien claims on the said building, amounting to $395.42, under a decree of the Circuit Court for Alleghany County. As the plaintiff had entered into a bond to save the defendant harmless from all sums in excess of $1493, it follows that, in no aspect of this case can Douglas be held liable for more than $97.58 ; whereas, the claim now sought to be enforced by the plaintiff, amounts to the sum of $851.96.

Whether the contract, entered into by the parties, and a part compliance by the defendant, by the payment of one thousand dollars, and his offer to fully comply with all the terms of said contract by the execution of a mortgage, or the offer of payment in cash of the sum intended to be thereby secured, operated as a waiver of the lien is the sole question presented for determination in this appeal. It is provided, by sec. 3, Art. 67, Revis. Code, that a mechanics' lien shall not be considered as waived "by granting a credit, or receiving notes or other securities unless the same be received as payment or the lien be expressly waived ;" but it is manifest that if an express contract under seal be entered into inconsistent with the operation of the lien, the lien is expressly waived by the legal effect of such express contract. This seems to be a general principle applicable to all liens created by operation of law. In *Crawshay vs. Homfray*, 4 *Barn. & Ald.*, 53, it was said by BEST, J., that "unless the special agreement be inconsistent with the right of lien, it will not destroy it." It follows that if parties interpose a special contract inconsistent with the existence of a lien, the lien does not attach. This principle is enunciated in *Pickett vs. Bullock*, 52 *N. H.*, 354. The ground on which the decision rests is

apparent. A mechanics' lien, like many other liens which Courts are called upon to enforce, is not created by contract. It is brought into operation by the established law of the land, and, in the absence of special arrangements to the contrary, parties are presumed to have contracted for work and materials with reference to this law. But no statute will be so construed as to prohibit the formation of contracts not in conflict with public policy. If, therefore, parties deem it advisable to enter into an agreement inconsistent with the existence of a lien, the statute will not be construed to operate so as to create a lien and thereby destroy the special contract.

In *Grant vs. Strong,* 18 *Wall.,* 623, *(Law Ed. B.,* 21, 859,) the Supreme Court of the United States decided that "taking real estate security for the price for erecting a building, is inconsistent with the idea of a mechanics' lien, and no such lien attaches." And in *McMurray vs. Brown,* 91 *U. S.,* 257, *(Law Ed. B.,* 23, 321,) Mr. Justice CLIFFORD, in delivering the opinion of the Court said: "Examples of the kind, such as a trust deed or mortgage, may be mentioned, which are regarded as a species of security inconsistent with the idea of a mechanics' lien upon the same property for the same debt."

That the taking of a mortgage on the same property as a security for the same debt is a waiver of a mechanics' lien, has been decided in a number of cases, and there seem to be no authorities to the contrary in any of the States. *Trullinger vs. Kofold,* 7 *Or.,* 228 ; *Williams vs. Roberts,* 5 *Ohio,* 35 ; *Gilmore vs. Brown,* 1 *Mason,* 191 ; *Lagow vs. Badollet,* 1 *Blackf.,* 416.

The principle established by the authorities just cited, was recognized by this Court in the case of *Trustees of the German Luth. Church vs. Heise & Co.,* 44 *Md.,* 479. In that case the trustees held a bond against all lien claims and the Court said :

" Unless the bond has been discharged, as contended by the claimants, it stands liable for all the liens that have been claimed and established for work and materials supplied to the contractors for the erection of the church, and which may not be paid by the contractors, or with the money due them on the contract; and it would be against equity and justice to allow the claimants to proceed with the enforcement of their lien, even to the sale of the church, regardless and in the face of their bond that no such lien should exist."

Can there be a doubt that, when the parties to this cause entered into the agreement already referred to, it was their intention that its terms should be strictly complied with? The plaintiff is one of the obligors on a bond intended to protect the defendant against all lien claims beyond a certain amount. That amount the defendant agreed to pay in cash and by giving a mortgage. The cash payments have been made, and the defendant has offered to give a mortgage or to pay the sum, intended to be secured by it, in cash. If the plaintiff refused to accept the mortgage then he ought to accept the money which the defendant offered to pay, and the payment of which would render the execution of a mortgage unnecessary. He refused to do either. The learned Judge in the Circuit Court was therefore clearly right when he said: " But regarding, as I do, the agreement for the mortgage in this case as a direct waiver of the plaintiff's right to a lien for the materials that he was thereafter to furnish and did furnish, and finding neither refusal nor hindrance on the part of the defendant Douglas to comply with said agreement in respect to said mortgage on his part, it seems clear that reason, equity and the authorities require that the plaintiff should be estopped in the further prosecution of his claim for lien upon the property mentioned in these proceedings."

. The decree of the Circuit Court dismissing the bill should therefore be affirmed.

*Decree affirmed, with*
*costs to the appellee.*

(Decided 12th November, 1886.)