R. B. FLENNIKEN v. CHARLES LISCOE and Another.[1]

April 27, 1896.

Nos. 9952—(212).

**Mechanic's Lien—Waiver.**

A mechanic's lien is waived or discharged where the parties enter into a special agreement inconsistent with the existence of the lien; as, for example, by the laborer or material man extending credit to the owner beyond the statutory period for bringing an action to enforce the lien.

**Same—Acceptance of Note.**

This rule is not changed by G. S. 1894, § 6243 (providing that the taking of a promissory note for labor or material shall not discharge the lien), where, by the terms of the note, the time of payment is extended beyond the date fixed by statute for bringing an action to enforce the lien.

Appeal by plaintiff from a judgment of the district court for Todd county, in favor of defendant, entered in pursuance of the findings and order of Baxter, J. Affirmed.

*J. D. Jones* and *Longueville & McCarthy*, for appellant.
*B. F. Hartshorn* and *Coppernoll & Willson*, for respondent.

MITCHELL, J. This was an action to enforce a mechanic's lien for labor and material furnished by the plaintiff to the de-

[1] Reported in 66 N. W. 979.

fendant for building a mill. According to the terms of the contract, plaintiff's compensation was to be paid, part at the date of the contract, part when certain machinery was delivered, and the balance one year after the completion of the mill by defendant, giving plaintiff his promissory note therefor, to be paid "on or before one year after date." The first and second payments were made according to the contract. The mill was completed on April 21, 1893, that being the day on which, according to both the lien statement and the complaint, the last item of labor or material was furnished. Thereupon defendant executed to plaintiff his negotiable promissory notes for the balance due on the contract. These notes bore date April 21, 1893, and, by their terms, were payable "on or before one year after date." This action was commenced on April 20, 1894. The demand for which a lien is claimed is the same as that represented by these notes.

The only question presented by this appeal is whether plaintiff's right to a lien was waived or discharged by his accepting the promissory notes.

The statute provides that every action to enforce a mechanic's lien shall be commenced "within one year from the time of furnishing the last item of labor   *   *   *   for which such lien is had." G. S. 1894, § 6238. Also, that "the taking of a promissory note or other evidence of indebtedness for labor performed or skill, material or machinery furnished, under the provisions of this act, shall not discharge the lien thereby given for the same, unless expressly received in payment therefor and so specified in such note or other evidence of indebtedness." Id. § 6243. As a lien in favor of laborers and material men is expressly given by statute, it ought not to be considered waived except by plain acts. But it is a right that may be waived by the express agreement of the party in whose favor it exists. It may also be waived by implication arising from his conduct. If he makes a special agreement inconsistent with the right to a lien, the lien will be destroyed; or, otherwise expressed, if he enters into a special contract inconsistent with the operation of the lien, the lien is waived by the legal effect of such contract.

This is a general principle, applicable to all liens created by operation of law. A familiar example of its application is where

credit is given by contract to the shipper for the price of transportation beyond the time when the property is to be delivered and placed out of the carrier's control. The principle is too well settled to require the citation of authorities. Hence it has been, so far as we are advised, universally held that, if credit has been given extending beyond the statutory period for instituting a suit to enforce a lien, the lien is waived. Phillips, Mech. Liens, § 281; Willison v. Douglas, 66 Md. 99, 6 Atl. 530; Ehlers v. Elder, 51 Miss. 495; Pryor v. White, 16 B. Mon. 605; Quinby v. City of Wilmington, 5 Houst. 26; The Highlander, 4 Blatchf. 55, Fed. Cas. No. 6,475; Scudder v. Balkam, 40 Me. 291. In connection with the, last citation, see, also, Mehan v. Thompson, 71 Me. 492. This is not upon the ground merely that credit has been given, but because no action could be maintained for the purpose of enforcing the lien until after the statutory period for doing so had expired. Of course, it needs no argument to show that the acceptance of a promissory note for a debt, even although not taken as absolute payment, suspends the right of action for the recovery of the debt until the maturity of the note. It is also well settled that no action can be maintained for the purpose of enforcing a lien when it could not be maintained for the recovery of the debt for which the lien is claimed.

Under the statute, an action to enforce plaintiff's lien had to be brought within a year from April 21, 1893. The notes taken by him were entitled to three days' grace. G. S. 1894, § 2237. Hence no action could have been brought against the defendant either to recover the debt or to enforce a lien until April 24, 1894, even under the rule most favorable to plaintiff, which is that an action may be brought on the last day of grace. Therefore, the credit given extended beyond the time within which an action could be brought to enforce the lien; and, under the rule suggested, the plaintiff must be deemed to have voluntarily waived his lien, and relied on the personal credit of the defendant, to whom the credit was given.

Counsel, however, urges that this rule is changed or abolished by the provision of statute that the taking of a promissory note for the labor and material shall not discharge the lien. Counsel, we think, misapprehends the scope of the statute. Its purpose was to

set at rest the much-mooted question how far the mere acceptance of a promissory note for the debt discharges the lien; but it was never intended to change the rule, of universal application to all liens created by law, that a special agreement inconsistent with the right of lien waives or destroys the lien. Plaintiff's lien was not destroyed because a promissory note was taken, but because the credit was extended to the defendant beyond the period within which an action to enforce a lien must be brought. If the note had matured within that period, the lien would not have been waived; while, on the other hand, if an extension of credit beyond that period had been given in some other way than by accepting a promissory note, the lien would have been destroyed. If parties enter into a special contract inconsistent with the existence of a lien, the statute was never intended to operate so as to create or preserve the lien, and thereby destroy the special contract. In Maryland, where there was a similar statute, this matter was considered and decided in Willison v. Douglas, supra. It is quite apparent from what is said in Schmidt v. Gilson, 14 Wis. 514, and White v. Dumpke, 45 Wis. 454, that it never occurred to the supreme court of that state that the statute would have the effect of saving the lien where the credit given by the promissory note would not expire until after the lapse of the time for bringing an action to enforce the lien.

It may work a hardship in this particular case to hold that pliantiff has discharged his lien by extending a credit to defendant three or four days more than one year after the completion of the work, but no other result can be reached except by wholly disregarding well-settled rules of law.

Judgment affirmed.