DIERKS & SONS LUMBER COMPANY, Appellant,
v. CLAUDE PEARMAN, ANNA ENGLE-
HARDT, LEON BLOCK, THE JACKSON
COUNTY MUTUAL LOAN AND BUILDING
ASSOCIATION, Respondents.

Kansas City Court of Appeals, January 16, 1913.

1. MECHANIC'S LIEN: Accounts not Due. The plaintiff sued
to establish a mechanic's lien. The buildings were erected on
a lot the defendant Pearman bought on the installment plan.
He secured a warranty deed for the lot on March 11, 1910,
and on March 16, 1910, borrowed $1400 from the defendant
loan association. On August 3, 1910, he and his wife conveyed
the lot to the defendant, Anna Englehardt. On August 9, 1909,
Pearman, who had just entered into a contract for the pur-
chase of the lot applied to plaintiff for material to build a
house and barn and agreed to make monthly payments for
same, and plaintiff assented. The material being delivered
September 10, 1909, and August 5, 1910. *Held,* that the vendor
had intended by his agreement to forego the security of the
lien as to that part of the debt not due at the commencement
of the suit.

2. ——————: Waiver: Contract. Where the contract under which a lien is claimed provides that the debt shall not become due until after the expiration of the statutory time for bringing suit to enforce the lien, the right to a lien is regarded as waived by the vendor.

3. ——————: ——————: Implied. When a contract provides for only a conditional extension of time, the condition to be performed within the time for bringing the suit to enforce the lien, a waiver will not be implied if the condition be broken by the vendee.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*Pew & Proctor* for appellant.

(1) When the materials are furnished for the same improvement in installments and at intervals, but the parties intend them to be included in one account in settlement, the entire account will be treated as one continuous and connected transaction, and the lien limitation will begin to run from the last item of it. Darlington Lumber Co. v. Harris, 107 Mo. App. 148; Page v. Bettes, 17 Mo. App. 375; Pullis v. Hoffman, 28 Mo. App. 666; Bruns v. Braun, 35 Mo. App. 337; Lumber Co. v. Myers, 87 Mo. App. 671; Press Brick Co. v. Brick & Quarry Co., 151 Mo. 507; Kearney v. Wurdeman, 33 Mo. App. 447; Darlington Lbr. Co. v. Smith, 134 Mo. App. 316; Kittrell v. Hopkins, 114 Mo. App. 437. (2) While the mechanic's lien may be waived, the intention to waive it must be clearly manifested. Lee v. Hassett, 39 Mo. App. 67; Jodd v. Duncan, 9 Mo. App. 424. (3) A mechanic's lien is not waived by the acceptance of a chose in action merely as security for the payment of the lien account. Kauffman-Wilkinson Lbr. Co. v. Christophel, 62 Mo. App. 98; Darlington Lbr. Co. v. Harris, 107 Mo. App. 155; Land Co. v. Planing Co., 59 Mo. App.

661. (4) While mechanic's lien statutes require that the material for which the lien is claimed shall have actually entered into the construction of the building, it is not necessary to show by direct evidence that every stick of material went into the construction of the improvment, at least in the absence of some evidence that the materials were not so used. Barnett's Executrix v. Clooney, 67 Mo. App. 664; Darlington Lbr. Co. v. Harris, 107 Mo. App. 155; McCreary v. Ellis, 60 Mo. App. 144; Central Lbr. Co. v. Braddock, 84 Ark. 563; Rice v. Hodge, 26 Kan. 164.

*Block & Block* and *W. C. Hock* for the respondents, The Jackson County Mutual Loan & Building Association and Leon Block.

(1) Where the agreement of the parties the contract price is not payable until after the expiration of the time within which the lien might be enforced, an agreement that there should be no lien is implied. Phillips on Mechanic's Liens, sec. 281; Willison v. Douglas, 66 Md. 99; Ehlers v. Elder, 51 Miss. 495; Pryor v. White, 16 B. Mon. 605; Quinby v. City of Wilmington, 5 Houst. 26; The Highlander, 4 Blatchf. 55; Fed. Cas. No. 6475; Scudder v. Balkham, 40 Me. 291; Mehan v. Thompson, 71 Me. 492. (2) The hour of filing does not appear upon either, and there was no evidence offered to prove which was filed first. In the absence of such proof, the plaintiff fails to make out a case. Fabian v. Grabow, 134 Mo. App. 193; Haltzell v. Langford, 33 Mo. 396; Bradish v. James, 83 Mo. 313; Levy v. Bank, 158 Ill. 88. (3) Where the rights of parties are concerned, a day will not be considered a unit, but inquiry may be made as to the very point of time when an act was done. Craig v. Godfroy, 1 Cal. 415; People v. Beatty, 14 Cal. 566. (4) If in the teeth of plaintiff's own evidence it be claimed that this was a cash sale, then plaintiff's lien must fail by reason of their failure to deduct from their

lien claim the 5 per cent which their own testimony shows that they charged in excess of the reasonable cash value of the lumber. Dougherty v. Rothbaum, 156 Mo. App. 215. On the same principle that failing to give credit for payments made, vitiates the lien. Hoffman v. Walton, 36 Mo. 613; Uthoff v. Gerhard, 42 Mo. App. 256.

JOHNSON, J.—This is a suit to enforce a mechanic's lien begun in the circuit court of Jackson county October 19, 1910. The lien paper was filed on the same day. The acount is for lumber and material sold and delivered by plaintiff to defendant Pearman for the construction of a dwelling house and barn. The first item was delivered September 10, 1909, and the last August 5, 1910. The whole account amounted to $773.90, but this was reduced to $513.90 by payments made by Pearman between September 20, 1909, and April 20, 1910. The buildings were erected on a lot Pearman bought on the installment plan. He received a warranty deed March 11, 1910 and on March 16, 1910, borrowed $1400 from the defendant Loan and Building Association securing the payment of the indebtedness by a deed of trust on the lot. On August 3, 1910, he and his wife deeded the lot to defendant Anna Englehardt.

On August 9, 1909, Pearman, who had just entered into a contract for the purchase of the lot, applied to plaintiff for the material to build a house and barn. Plaintiff's manager testified: "He (Pearman) came in the office and said 'I just bought a lot at Forty-sixth and Agnes and I want to get material enough to build a barn and later on build a house.' I asked him if he had any money and he said he didn't, that he would pay for it at twenty-five dollars a month and I studied the matter over and I finally says, well, you take out some insurance on it and I will accept those terms and he made out a little bill in the office. I

can't recall the exact amount. He said 'I will need this for the rough material in the barn and I will keep on going and adding to the material as I need it, and when I get my barn finished I am going to start on my house.' '' According to the evidence of plaintiff, all of the material for the house and barn was furnished from time to time under this oral agreement which was the only contract plaintiff had with Pearman. The jury, in obedience to a peremptory instruction, returned a verdict in favor of all of the defendants except Pearman. Plaintiff appealed.

There are other facts in the record but those stated compel an affirmance of the judgment and other facts and the issues they present will be ignored.

The contract on which a right to a lien is predicated contemplated that plaintiff should furnish Pearman materials for the house and barn he purposed erecting of the value of about $800, and that unconditional credit should be given him for the payment of the account extending over a period of more than two and one-half years. The account was to be paid in monthly installments of twenty-five dollars each without any provision for the whole to become due in case of default in the payment of any of the installments. Plaintiff is presumed to have known that it was giving credit extending far beyond the time the statute would afford for bringing suit to enforce a mechanic's lien. It knew that the lien paper would have to be filed within six months after the date on which the last item of material was furnished (Sec. 2817, Rev. Stat., 1909) and that suit to enforce the lien would have to be commenced within ninety days after the lien was filed (Sec. 8228, Rev. Stat. 1909).

The rule in this State and elsewhere is that where the contract under which a lien is claimed provides that the debt shall not become due until after the expiration of the statutory time for bringing suit to enforce the lien, the right to a lien is regarded as

waived by the vendor. [Mfg. Co. v. Barnes & Co., 59 Mo. App. 391; McMurray v. Taylor, 30 Mo. 263.] "Where by the agreement of the parties the contract price is not payable until after the expiration of the time within which the lien might be enforced an agreement that there should be no lien is implied." [20 Am. & Eng. Ency. of Law (2 Ed.), 362.]

"This is not upon the ground merely that credit has been given, but because no action could be maintained for the purpose of enforcing the lien after the statutory period for doing so had expired." [Flenniken v. Liscoe, 64 Minn. 269.]

"The necessary consequences would seem to be that if a party places himself in a position which renders him unable to bring suit to enforce the lien within the time limited, he thereby virtually waives it, having deprived himself by his own voluntary act of the right to enforce it." [Pryor v. White, 55 Ky. 605; see, also Phillips on Mechanic's Liens, sec. 281; Willison v. Douglas, 66 Md. 99; Ehlers v. Elder, 51 Miss. 495; Scudder v. Balkam, 40 Me. 291; Mehan v. Thompson, 71 Me. 492.]

Of course where the contract provides for only a conditional extension of time the condition to be performed within the time for bringing the suit to enforce the lien, a waiver will not be implied if the condition be broken by the vendee. [McMurray v. Taylor, supra; Ashdown v. Woods, 31 Mo. 465; Baumhoff v. Railway, 171 Mo. 120.] But where, as here, there is an absolute agreement to extend the time of payment beyond that allowed for the enforcement of the lien the vendor must be held to have intended to forego the security of a mechanic's lien as to that part of the debt not due at the commencement of the suit.

So far as the record discloses the payments made by Pearman on the account paid the installments that had matured at that time. The remainder of the ac-

count was not lienable for the reason that it was not due and no action for a personal judgment could be maintained upon it. The court did not err in directing a verdict for the respondents.

The judgment is affirmed. All concur.