### 180

Frank D. McKendall
vs.                           Eq.No.4332
Stefano Latina

June 14, 1918

BARROWS, J.   Heard on petition for mechanic's lien amounting to $488.72. The petition claims rights under General Laws, 1909, Chap. 257, Sec. 5 (lien without written contract).

Petitioner sold and delivered materials to Latina under a verbal contrac t,made August 13, 1917. All deliveries were prior to October 1st. These were for use on Newark street. Petitioner also sold Latina materials for use elsewhere. The lien is claimed upon the Newark street property.

Without reciting all the facts, we can start Ocober 8th on which date petitioner accepted two notes which settled Latina's account in full to October 1st. These necessarily covered all claims on the Newark street property. These were payable on November 8th and December 8th. The former has been paid. The latter for $420 was diminished by a cash payment of $66.80 (?) on December 8th and renewed for $354.20, due January 8th, 1918. On January 8th, Latina told petitioner that he could pay only $100. Petitioner informed him that he owed $354.20 on the note and that there was an outstanding book account balance against him amounting to $234.52. Petitioner said they would add that together ($588.72) and deduct $100, and that Latina could give him four notes of $122.18 each. Nothing was said about liens. The notes were given; they fell due on February 8th, March 8th, April 8th and May 8th, 1918. None of the notes have been negotiated by petitioner or paid by Latina. The latter made an assignment for the benefit of creditors on February 9th, 1918, and has since fled from the jurisdiction. Bankruptcy proceedings followed the assignment and petitioner's claim for a lien is now contested by Latina's trustee in bankruptcy.

181

On the findings of fact as made by the Court, the trustee concedes the validity of the lien to the extent of $122.18, the amount of the note which fell due February 8th. Petitioner commenced proceedings to enforce his lien, February 13th, 1918, the last day of the six months from delivery of the first material under the contract. The question involved is whether petitioner, by accepting notes payable after the time for commencing legal process had expired, waived his right to a lien.

Acceptance of the note of a debtor is not payment of the debt.

Sweet and Carpenter vs. James, 2 R. I. 270.

Taylor vs. Slater, 16 R. I. 36.

It serves to liquidate the amount and fix the time of payment.

Merriman vs. Social Mfg. Co., 12 R. I. at 178.

Neither is it a waiver of the right of lien.

Wheeler vs. Schroeder, 4 R. I. 383.

If, however, the due date of the note is beyond the time for commencing legal proceedings to enforce the lien, it is uniformly held that acceptance of the note operates as a waiver of the right to a lien. The reason is, because the note has extended the credit to a definite time and proceedings to collect the debt represented by the note cannot be commenced prior to such time. Extension of credit is held to be inconsistent with right of lien expiring before the credit expires.

Phillips on Mechanics' Liens, Sec. 281.

Rockwell on Mechanics' Liens, Sec. 177.

29 Cyc. 270.

34 Century Digest, Mechanics' Liens, Sec. 389,

And especially see,

Westinghouse Air-Brake Co. vs. Kansas City Southern Ry. Co., 137 Fed. 26.

Pryor vs. White, 16 B. Munroe 605.

Flenaiken vs. Liscoe, 64 Minn. 269.

Petitioner urges, however, that the lien proceeding is not an attempt to collect the debt but simply an attempt to fix the right to a security. He admits that the enforcement of his security must be postponed until the due date of the note.

182

While we have found this distinction in no case outside of Rhode Island, it is distinctly made in the case of Sweet & Carpenter vs. James, supra, at pages 295 and 296.

We do not find that the authority of that case has ever been questioned. We therefore feel bound to hold that so much of said note as was traceable to Newark street was chargeable thereon as a lien.

From the facts above stated, it is apparent that the lien in no event could exceed $354.20, and if the $100 paid on January 8th is credited on the note, the lien could not exceed $254.20. The testimony does not show that anything was said with regard to where said payment should be credited. Under ordinary circumstances it would be credited on the oldest account.

Briggs vs. Titus, 7 R. I. 441.

Our Court seems, however, to have taken a different view from some other States and to have allowed the creditor to make the application in the absence of instructions by the debtor, and we therefore find that petitioner had the right to apply the $100 on the open account, leaving the account for which his lien was security at $354.20.

Snow vs. Butterworth, 19 R. I. 127.

We therefore grant petitioner a lien for $354.20.

For Petitioner: McGovern & Slattery and Ernest T. Voigt.

For Respondents: Baker & Spicer, Pettine & DePasquale and E. C. Stiness.