RENAISSANCE YACHT COMPANY,
INC., Plaintiff,

v.

Jan H. STENBECK d/b/a Stonebrook
Marine, Defendant.

Civ. No. 92–127–P–C.

United States District Court,
D. Maine.

Dec. 18, 1992.

James Goggin, Verrill & Dana, Portland,
ME, for plaintiff.

William Welte, Joseph Cloutier & Assoc.,
Rockport, ME, Peter DeTroy, Norman,
Hanson & DeTroy, Portland, ME, for defendant.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNTS I AND IV AND ALL DEFENDANT'S COUNTERCLAIMS

GENE CARTER, Chief Judge.

The Court now has before it for decision Plaintiff's Motion for Partial Summary Judgment (Docket No. 109) as to Counts I and IV of the Second Amended Complaint and all counterclaims in the First Amended Counterclaim as supported by Plaintiff's Memorandum in support thereof (Docket No. 110) and Plaintiff's Statement of Facts (Docket No. 111). Defendant has responded thereto by its Opposition to Plaintiff's Motion for Partial Summary Judgment (Docket No. 145), supported by its Memorandum in Opposition to the motion (Docket No. 146) and its Statement of Material Facts in Dispute and a short Statement of Facts (Docket No. 147).

### CLAIMS

*Count I Breach of Contract*

■ The Court has now carefully reviewed the written submissions of the par-

ties on the motion, and it is hereby *OR-DERED* that said motion be, and it is hereby, *DENIED* as to Count I for the reason that the Court finds various outstanding issues of material fact which must be resolved in respect to each of the separate theories of breach of contract set forth in Count I of the Second Amended Complaint. These include, *inter alia*, whether Defendant repudiated the contract without legal justification, thereby relieving Plaintiff from its duty of performance as a matter of law; and whether, as a matter of fact, Defendant did fail to provide in a timely manner, as required by the contract documents, "owner-furnished equipment" and thereby occasioned delay in the ongoing progress of the project.

Accordingly, it is hereby *ORDERED* that Plaintiff's Motion for Summary Judgment as to Count I of Plaintiff's Second Amended Complaint be, and it is hereby, *DENIED.*

### Count IV Statutory Lien

The Court has now carefully reviewed the written submissions of the parties on the motion as to Count IV, and it is hereby *ORDERED, sua sponte,* that said motion be, and it is hereby, *GRANTED* in favor of Defendant.

This Court recently denied Defendant's Motion for Summary Judgment as to Count IV, due to genuine issues of material fact on the record presented to the Court in light of the contentions made by Defendant on the motion. Cross motions for summary judgment must be considered separately, however, and the Court must rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard. Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2720 (1983). Thus, the Court's decisionmaking process regarding Defendant's Motion for Summary judgment as to Count IV is separate and distinct from the Court's analysis of Plaintiff's Motion for Summary Judgment on Count IV.

■ In the case at bar, there is no genuine issue of material fact regarding whether Defendant has paid Plaintiff money owed for labor and materials. Defendant asserts that it has already paid Plaintiff at least as much as Plaintiff claims it is owed for labor and materials. *See* Defendant's Opposition to Statement of Material Facts Alleged Not to be in Dispute and Statement of Material Facts (Docket No. 147); Dep. of Carole Ellis of October 15, 1992, p. 74–76, 80). Plaintiff does not dispute these facts.

The intention of the statutory lien as pleaded in Count IV under 10 M.R.S.A. § 3852 is to give those persons who perform labor, or furnish materials for the construction or repair of vessels, additional facilities for securing payment *for such labor or materials. Scudder v. Balkam,* 40 Me. 291 (1855) (emphasis added). On the record before this Court, Plaintiff has no claim for a statutory lien under § 3852, as a matter of law, because Defendant has already paid Plaintiff the amount charged for labor and materials, making a lien to secure such payment unnecessary.

■ The Court will act *sua sponte* in granting summary judgment for Defendant as to Count IV. A *sua sponte* order of summary judgment is appropriate only if the losing party was on notice that it had to come forward with all of its evidence. *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Whenever a court believes that the non-moving party is entitled to summary judgment *sua sponte,* "great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law." *Bonilla v. Nazario,* 843 F.2d 34, 37 (1st Cir.1988) (quoting Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2720 (1983).

■ In the case at bar, the Court is satisfied that Plaintiff, as the original movant, was on notice that it had to come forward with all of its evidence. Plaintiff had adequate opportunity, in order to avoid summary judgment on its own motion, to

show that there is a genuine issue of fact, and to show that its opponent is not entitled to judgment as a matter of law. Accordingly, it is hereby *ORDERED, sua sponte,* that Summary Judgment as to Count IV of Plaintiff's Second Amended Complaint be, and it is hereby, *GRANTED* as to Defendant.

See also 802 F.Supp. 539.

## COUNTERCLAIMS

It is hereby *ORDERED* that said motion be, and it is hereby, *DENIED* as to all Counts of the First Amended Counterclaim for the reason that the Court finds various outstanding issues of material fact which must be resolved with respect to each of the separate counts set forth in the First Amended Counterclaim.

Accordingly, it is hereby *ORDERED* that: (1) Plaintiff's Motion for Summary Judgment as to Count I of the Second Amended Complaint and all Counts of the First Amended Counterclaim be, and is hereby, *DENIED;* and (2) Summary Judgment be *GRANTED* in favor of the Defendant on Count IV of the Second Amended Complaint.