Bank of Jamaica *v.* Jefferson.

BANK OF JAMAICA *v.* JEFFERSON.

(*Jackson.* May 6, 1893.)

1. BILLS AND NOTES. *Indorsers are joint makers, when.*

Indorsers upon a note, made payable to a particular person or order, and given for a debt of the maker, are liable thereon as joint makers, and without demand, protest, or notice having been made and given, when they indorsed the note before its delivery, and as additional security to the payee.

Cases cited and approved: Harding *v.* Waters, 6 Lea, 333; Rivers *v.* Thomas, 1 Lea, 649; Rosson *v.* Carroll, 90 Tenn., 90–130; 22 How., 341.

2. SAME. *Indorser's liability shown by parol evidence.*

Indorser's liability may be shown by parol evidence to be different from that indicated by the form and order of the indorsements.

3. CHANCERY PLEADING AND PRACTICE. *Proof of complainant's corporate character required, when.*

The averment in a bill that the complainant is a foreign corporation, must be supported by proof, if not admitted by the answer, and, *a fortiori*, if put at issue by a general denial.

Cases cited and approved: Marble Co. *v.* Black, 89 Tenn., 118–121; Hill *v.* Walker, 6 Cold., 429; Hardeman *v.* Burge, 10 Yer., 202; Smith *v.* Insurance Co., 2 Tenn. Ch., 602; 15 Fed. Rep., 502; 79 Am. Dec., 447; 69 Am. Dec., 81; 71 Am. Dec., 447.

Cited and distinguished: Jones *v.* State, 5 Sneed, 346, 348; Owen *v.* State, 5 Sneed, 493, 495; Augusta Manufacturing Co. *v.* Vertrees, 4 Lea, 75.

4. SUPREME COURT. *Remands for further proof, when.*

This Court, having reversed a meritorious decree in complainant's

favor for the sole reason that there was no proof of complainant's corporate character, will remand the cause for further proof.

Code construed: ¿ 3889 (M. & V.); ¿ 3170 (T. & S.).

FROM SHELBY.

Appeal from Chancery Court of Shelby County. W. D. BEARD, Ch.

WASTON & HIRSCH for Bank.

GANTT & PATTERSON and McDOWELL & McGOWAN for Jefferson.

WILKES, J. The Bank of Jamaica, claiming in its bill to be a corporation under the laws of New York, brought suit in the Chancery Court of Shelby County against J. T. Jefferson, C. C. Glover, and Toof, McGowan & Co., to recover a note for $1,500 and interest.

The note is as follows:

"$1,500.00.        MEMPHIS, TENN., Dec. 4, 1890.

"Four months after date I promise to pay to the order of F. W. Dunton fifteeen hundred dollars at Corbin Banking Co., New York, N. Y. Value received.        J. T. JEFFERSON."

Indorsed as follows:

"Without recourse.   "F. W. DUNTON,
                "C. C. GLOVER,
                "TOOF, McGOWAN & Co.

"Pay W. H. Porter, Esq., Cashier, or order, for collection account of Bank of Jamaica, Jamaica, Long Island.              WM. S. WOOD, *Cashier.*"

Upon the hearing the Chancellor rendered judgment against all the defendants (F. W. Dunton not being sued), and defendants Toof, McGowan & Co. have brought the case to this Court on writ of error, and assign as error that the note shows that Toof, McGowan & Co. are only accommodation indorsers on it, and that they are not principals, and that there is no proof in the record that any demand was ever made upon the maker and that he made default in payment, and that the note was thereupon protested for non-payment, and especially that no notice was ever given to them of such demand and protest for non-payment.

The law is plain that, to hold an indorser liable upon his indorsement made regularly in the ordinary course of business or for accommodation, there must be presentment and demand made of the maker, and protest if payment is not made, and that notice of such demand, failure to pay, and protest, must be given to the indorser, and all these facts must affirmatively appear, and the burden of proof is on the party suing upon the note to show such facts. *Rosson* v. *Carroll*, 6 Pick., 90–130. This is a universal rule in cases where indorsements are made in the regular course of business.

In the case at bar, however, it appears from

the testimony of Jefferson, the maker, and Dunton, the payee, which, is the only testimony in the case, that the note sued on was made by Jefferson to cover a balance due from him to Dunton; that Dunton lived in New York and Jefferson in Memphis.

Jefferson states that before he sent the note to Dunton, he procured Glover and Toof, · McGowan & Co. to indorse it for him, and that they did indorse it merely as additional security to Dunton, the payee, for the money that Jefferson owed him, and to enable Dunton to discount it and obtain the money thereon. Dunton states that he received the note by mail with the same understanding, and, inasmuch as the note was payable to him, he indorsed it without recourse, so as to transfer the legal title without legal\ liability against himself; that it was transferred before due to the Bank of Jamaica, and that by inadvertence the indorsement made by him was placed above the names and indorsements of the other parties.

Under these facts, which are competent to be shown by parol, Toof, McGowan & Co., as well as C. C. Glover, must be regarded as joint makers with Jefferson of the note, and not simply as ordinary indorsers in due course of trade, and they are liable without any demand, protest, or notice being made. *Harding* v. *The Heirs of Waters*, 6 Lea, 333, 334; *Rivers* v. *Thomas*, $\frac{2}{4}$ Lea, 649 ; *Rey* v. *Simpson*, 22 How., 341 ; 2 Parsons on Bills and Notes, 120, 121.

Again, it is assigned as error that complainant sues as a foreign corporation, and it is insisted that no recovery can be had unless that allegation is sustained by proof, and that no proof was offered on this point in the Court below.

On the other hand, it is insisted that this allegation of the bill is not denied in the answer; that the character in which plaintiff sues is not put in issue by the answer; and that, under a general denial, or the general issue, proof of the character in which the suit is brought is not necessary to be made.

This latter contention is unquestionably correct in actions at law, in which actions, if the plaintiff alleges that it is a corporation, even though it be a foreign corporation, that fact need not be proven unless it is put in issue by a specific denial, and the general issue would not be sufficient, and pleading to the merits would be an admission of the character in which the plaintiff sues. 2 Beach on Private Corporations, 867–869; 4 Am. & Eng. Enc. of Law, 285–6, and notes; *Union Cement Co.* v. *Noble*, 15 Fed. Rep., 502; *Harrison* v. *Martinsville Railroad Co.*, 79 Am. Dec., 447; *Arono* v. *Wedgewood*, 69 Am. Dec., 81; *West Winstead Asso.* v. *Ford*, 71 Am. Dec., 447; *Marble Co.* v. *Black*, 5 Pick., 118, 120, 121.

We do not think the cases of *Jones* v. *State*, 5 Sneed, 346, 348; *Owen* v. *State*, 5 Sneed, 493, 495; and *Augusta Mfg. Co.* v. *Vertrees*, 4 Lea, 75, 78, are in conflict with this ruling. The cases of *Jones*

v. *The State* and *Owen* v. *The State* are criminal prosecutions, in which greater strictness of proof is required, and the case of *Augusta Mfg. Co.* v. *Vertrees* was an action of ejectment, in which by statute (M. & V. Comp., 3963) it is provided that, under the general plea of not guilty the defendant may avail himself of all legal defenses.

The rule is different in chancery cases. At law every fact alleged in the declaration, and not denied in the plea, is taken as true. Code, § 2910; M. & V., § 3620. But in chancery every allegation of fact *not admitted, whether denied or not,* must be proved, the failure to admit or deny being equivalent to a denial. *Hill* v. *Walker,* 6 Col., 429; *Hardeman* v. *Burge,* 10 Yer., 202; *Smith* v. *St. Louis Ins. Co.,* 2 Tenn. Ch., 602; Gibson's Suits in Chancery, sec. 457.

The fact that complainant is a foreign corporation is alleged in the bill, and it is a fact material to the right to recover. It is not admitted in the answer, and there is a general denial of all matters not admitted. It should therefore have been proven; and, for the failure to prove this, we are constrained to reverse the decree of the Court below and remand the cause for proof of the corporation, and for further proceedings under the statute. Code, § 3170.

The costs of the appeal will be paid one-half by complainants and the other half by defendants.