## MANUFACTURING CO. *v.* WEATHERLY.

### (*Knoxville.* October 5, 1898.)

1. STEAMBOATS. *Enforcement of lien for machinery and outfit.*

    The failure to make demand for payment, as required by statute, before instituting a suit to enforce a lien on a steamboat for machinery and outfit furnished on the order of its master, is a good defense, and may be relied on in the answer, and need not necessarily be raised by demurrer or plea in abatement. (*Post, pp. 319–321.*)

    Code construed: §§ 5313, *et seq.* (S.); §§ 4293 *et seq.* (M. & V.); §§ 3550 *et seq.* (T. & S.).

    Cases cited: Pigue *v.* Young, 85 Tenn., 263; Robinson *v.* Grubb, 8 Bax., 19; 12 L. R. A., 355, note.

2. PETITION TO REHEAR. *Properly refused, when.*

    Petition to rehear for the sole purpose of supplying facts that were omitted, without excuse, from the record upon which the case was tried, is properly refused. (*Post, pp. 321, 322.*)

3. MECHANIC'S LIEN. *Waiver of.*

    An agreement to give credit for part of the contract price, beyond the life of a mechanic's lien, coupled with the retention by the furnisher of title to the property furnished, waives the right to the statutory lien, and the owner's default to comply with the contract does not restore the right to a lien, where such failure was due, in part at least, to the furnisher's fault. (*Post, pp. 321–324.*)

    Cases cited: 9 Peters, 345; 21 L. R. A., 859, and note; 16 Bradw., 450.

---

### FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

PRITCHARD & SIZER for Manufacturing Co.

CHAMBLISS & CHAMBLISS for Weatherly.

WILKES, J. The original bill in this cause was filed to establish and enforce a lien upon the steamboat "Plucky City" for the cost of certain machinery and outfit furnished the boat on the order of its master. An attachment was levied on the boat and it was replevied by defendant on giving the bond required.

As the case comes to this Court from the Court of Chancery Appeals the questions presented are, first, is the suit fatally defective for the purpose of enforcing the lien, because there is no proof that a demand for payment was made before suit was brought under § 5313 *et seq.* of Shannon's Code? These sections provide the manner in which the application shall be made to enforce the lien, and, among other things, prescribe that the petition shall state that demand for the amount claimed has been made of some one of the defendants, or of the captain or agent of the defendants, being at the time in the county.

The petition alleged that such demand was made, but this was denied by the answer, and there is no proof on the point in the record as now made up. The Court of Chancery Appeals was of opinion that this objection could only be taken advantage of by plea in abatement, and not by setting it up in an answer upon the merits. It was of opinion that the

statutory lien arises under the provisions of § 3547 of Shannon's compilation, and the existence and continuance of the lien in nowise depends on the question whether demand is made or not; that demand is a provision made by the statute prescribing the manner of enforcing the lien, and not relating to its creation; that application to enforce the lien under the statute would be premature until the demand had been made, and if the petition had failed to state such demand, it would have been subject to demurrer or dismissal on motion, and the attachment might properly be discharged. But when demand is alleged, the remedy of defendants would have been to plead that it had not been, in fact, made; not as a denial of the lien, but as a defense that the complainant was not proceeding to enforce the lien as the statute prescribes. The defendants did not take this course, but first demurred to the jurisdiction on other grounds, then answered on the merits, either of which, it was of opinion, was a waiver of the right to abate by plea. We are of opinion that the defense of prematurity of suit may be relied on in the answer. Gibson's Suits in Chancery, Sec. 268; *Pigue* v. *Young*, 1 Pickle, 263; *Robinson* v. *Grubb*, 8 Bax., 19.

At common law and under the Codes where a statute gives a new remedy and prescribes prerequisite conditions to its enforcement, the performance of these conditions must be alleged and

proven. Enc. Pleading & Practice, Vol. 4, 655; *Gallup* v. *Smith*, 12 L. R. A., 355, note.

We are unable to see why these rules do not apply and govern the present case. The demand is by the statute made a prerequisite to the enforcement of the lien, and, unless such demand is both alleged and proven, the right to enforce does not exist. It appears that the original file of papers in the case was destroyed, and the record was supplied in an imperfect and only partial manner. From this supplied copy it does not appear that any demand was made. After the Chancellor rendered his opinion complainant presented a petition to rehear and to be allowed to prove that repeated demands were made before suit was brought, and that the original record so showed, and it was stated that complainant's solicitors thought the fact appeared in the supplied record, until after the trial was had, and they were thus taken by surprise, and leave to supply and make proof was asked. The Chancellor refused to grant this petition, and the decree recites that he based his refusal upon the ground that if the facts set out in the petition appeared in the record, it would not change the holding of the Court, or entitle the complainants to enforce a lien.

From this refusal to grant a new hearing, and on other grounds, the complainant appealed, and this they assigned as one of the errors in the Court of Chancery Appeals. The Court of Chancery Appeals,

17 P—21

under the view it entertained of the case, declined to pass upon the question whether the Chancellor correctly refused this petition to rehear, so that the matter is not brought directly before us by any assignment. It becomes material, however, in the view we have taken of the case, to consider it. We do not think the application to rehear should have been granted. The parties had made up the record and gone to trial upon it, and the petition to rehear is, in substance, asking to be allowed either to prove facts not shown by the evidence originally, or to show that the record, as supplied, failed to state facts that appeared in the original record. This would be to allow two trials in a case, the second based upon an omission to have a perfect record in the first trial. If this practice were allowed, there would be but few cases in which a rehearing could not be had, because the losing party frequently neglects []some items of proof necessary for his case. We think it is not, moreover, a case which this Court can remand for a new trial under the provisions of the statute (Shannon, § 4905).

We are also of opinion that the other assignment is well taken, and that the Court of Chancery Appeals should have ruled that there was waiver of the lien under the facts of this case. It appears that by the terms of the contract, the price of the work was $917.55, subject to be increased by extra work or materials. Three hundred dollars of this amount was to be paid in cash, and a note for

$617.55, payable ninety days after date of completion of boilers and fixtures, was to be given, and title to the boiler, fixtures, and heater was retained to secure payment of the purchase money. The insistence is that this contract created or prescribed a security different from the statutory lien and was a waiver of it. The Court of Chancery Appeals was of opinion, that, inasmuch as the $300 cash was not paid, and the note for $617.55 was not given, therefore, the complainant would no longer be bound by its contract, but would be remitted to its statutory rights and remedies. The fallacy in this, is, we think, in ignoring the fact that the defendants were damaged in the work by complainants, $400, as found by the Chancellor, so that there was no cash due. As to the note for $617.55, there is no proof that this was not given, this being another one of the facts omitted to be shown by the supplied record, and in addition, the entire sum of $617.55 would not be owing, but only the amount less the balance of damages. Even if the note was not given, we can see no ground to hold that the complainants would not still be entitled to retain the title for the amount actually owing. The agreement to give credit for $617.55 beyond the time within which the lien by statute might be enforced, coupled with the retention of title to the property, indicates a waiver of the statutory lien, and precludes a reliance upon it, or the right to enforce it, and gives the complainant a different

remedy, to wit, that provided by statute when title is retained to secure purchase money. Jones on Liens, Par. 1519, 1535, 1536, and authorities there cited; Phillips Mechs. Liens, Par. 117, 276, foot of page 483; *Grant* v. *Strong*, 21 L. R. A., 859, and note; *Peyroux* v. *Howard*, 9 Peters, 345.

It cannot be said that the defendant in this case is in such default as to preclude him from insisting upon his contract, and to prevent him from insisting upon the waiver of the statutory lien. It appears, from the Chancellor's finding, that the default has been occasioned, in part at least, by the failure of the complainant to comply with its contract, and in such case the complainant is not entitled to be remitted to its statutory remedies and rights. Jones on Liens, Par. 1536; *Simon* v. *Blocks*, 16 Bradw., 450.

The decree of the Court of Chancery Appeals is reversed, and decree of the Chancellor sustained, and bill dismissed (so far as it seeks to enforce a lien) at complainant's cost.