## CÆSAR v. HARRIS.

### (*Jackson.* May 20, 1902.)

SUPREME COURT. *Remands cause for further proof, when.*

> After the Chancellor had delivered an adverse opinion, but before the decree had been entered, the complainant's attorney presented his affidavit showing that, by "misadventure and oversight," he had failed to file a deed that was essential to sustain his client's case, and offered then to file the deed. This was refused. The complainant then asked to dismiss his bill. This was likewise refused. Complainant appealed and moves this Court to remand the cause for further proof. *Held*, Complainant is entitled to have the case remanded for the introduction of his evidence.

Code construed: § 4905 (S.); § 3889 (M. & V.); § 3170 (T. & S.).

Cases cited: Wood *v.* Neely, 7 Bax., 590; Smyth *v.* Carden, 1 Swan, 30; Settle *v.* Marlow, 12 Lea, 472; Smith *v.* Carter, 16 Lea, 527; Insurance Co. *v.* Bank, 88 Tenn., 369; Bank *v.* Jefferson, 92 Tenn., 537.

---

FROM MADISON.

---

Appeal from Chancery Court of Madison County. A. G. HAWKINS, Ch.

THOMAS M. SCRUGGS and McCORRY & McCORRY for Cæsar.

BULLOCK & TIMBERLAKE for Harris.

WILKES, J.   This is a bill to remove a cloud from the title to real estate caused by the sale of the land for taxes.  In the Court below quite a spirited controversy was had over the validity of the tax sale, and upon this feature of the case the litigation was had.   The case was submitted to the Chancellor upon brief, when the Chancellor held that the complainant could not recover because he had shown no title to the land in controversy.   After delivery of the opinion, and before decree entered, complainant offered to file a deed to himself from John B. Clough, Commissioner, and an affidavit was made by the attorney that he had by misadventure and oversight failed to file the deed before the hearing and did not discover the omission until after the case was heard, and the offer was then immediately made.   Complainant moved the Court to remand the cause to the rules, to the end that complainant might show his title.   The Court denied leave to file the affidavit and refused the motion to remand.   Complainant then asked the Court to dismiss his bill, both of which motions were disallowed, and complainant appealed.   In this Court application is made to remand the cause to the Court below, to the end that complainant may have an opportunity to show his title.

The statute provides (Shannon, § 4905):  " The Court shall also in all cases when, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or

oversight without culpable negligence, remand the cause to the Court below for further proceedings, with proper directions to effectuate the object of the order, and upon such terms as may be deemed right."

In *Wood* v. *Neely*, 7 Baxter, 590, counsel for plaintiff had failed to prove the assignment of the note sued on, and could not, therefore, recover. This Court said: "We see that the failure was an oversight, and we can see no evidence of culpable negligence in such oversight. As a matter of course, there must always be some neglect in every oversight, therefore the qualification of the statute requiring it to be culpable. If there was no negligence, the case of oversight could never occur, as provided for, and the case would come up complete. The true principle of the statute is that, when we can see the party had a clear right, so that injustice will be done by dismissing his bill, but his suit fails from a neglect not culpable, it is the duty of the Court to remand, that justice may be done."

It appeared in that case that the contest was made over the question of statute of limitations, and counsel, having his attention directed to that feature, neglected to prove the assignment of the note.

In *Smyth* v. *Carden*, 1 Swan, 30, the cause was remanded in order to strike out the name of a nominal plaintiff, an amendment to that effect being denied in this Court.

Cæsar *v.* Harris.

In accord, see *Settle* v. *Marlow*, 12 Lea, 472; *Smith* v. *Carter*, 16 Lea, 527; *Insurance Company* v. *Bank*, 88 Tenn., 369; *Bank* v. *Jefferson*, 92 Tenn., 537.

We are of opinion this is a proper case to be remanded, under the statute, and it is so ordered.

Appellant will pay costs of appeal.