BANK OF WINCHESTER *v.* WHITE.

(*Nashville.*   December Term, 1904.)

1. **CHANCERY PLEADING AND PRACTICE.  Defense of out
standing title must be pleaded, when.**
   A defendant in an action to recover an unpaid balance of pur-
   chase money for land bought by him, who also sues by cross
   bill to recover purchase money already paid, on the ground of
   a breach of the warranty of title, cannot produce in evidence
   a deed tending to show an outstanding title superior to that
   of his vendor, without pleading same.  (*Post, pp.* 66-68.)

2. **RES ADJUDICATA.  Vendor not bound by judgment against
   vendee, when.**
   The vendor of land suing for the purchase price is not concluded
   by a judgment against his vendee in an action of ejectment
   in which the vendor was not a party and in the defense of
   which he was not allowed to participate.  (*Post, pp.* 64, 65, 74.)

3. **SUPREME COURT.  Will not remand for amendment of plead-
   ings where justice has been done.**
   The supreme court will not remand a case in order that addi-
   tional pleadings may be filed, unless it can see that justice has
   not been done, and that it would in all probability be done by
   making the remand.  (*Post, pp.* 68-75, and especially 73.)

   Code cited and construed:  Sec. 4905 (S.); sec. 3889 (M. & V.);
   sec. 3170 (1858).

   Cases cited:  Henderson's Admr. v. King, 4 Hayw., 94, 98; Cain
   v. Kersay, 4 Yerg., 443; Garner v. Hewett's Heirs, 2 Yerg., 498;
   Wilson v. Smith, 5 Yerg., 379; Stovall v. Bowers, 10 Humph.,
   560; McCandless v. Polk & Walker, 10 Humph.. 617. 671: Smith
   v. Carden, 1 Swan, 28; Cowan v. Dodd, 3 Cold., 283, 284; Grider
   v. Harbison, 6 Cold., 208, 214; Charles v. Taylor, 1 Heisk., 528;
   Saylors v. Saylors, 3 Heis., 526; Stewart v. Glenn, 3 Heisk.,

Bank of Winchester v. White.

581; Smith v. Hinson, 4 Heisk., 250, 256; Thurman v. Jenkins, 2 Baxt., 429; Fogg v. Union Bank, 4 Baxt., 539, 541; Wood v. Neely, 7 Baxt., 590; Evans v. Thompson, 12 Heisk., 538; McKinley v. Sherry, 2 Lea, 201; McEwen v. Gillespie, 3 Lea, 204; Puckett v. Richardson, 6 Lea, 64; Settle v. Marlow, 12 Lea, 472, 474, 475; Smith v. Carter, 16 Lea, 527; Bank of Jamaica v. Jefferson, 92 Tenn., 537, 542; Bond v. Montague, 97 Tenn., 727; Anderson Co. v. Hays, 99 Tenn., 542, 567; Mfg. Co. v. Weatherly, 101 Tenn., 318, 322; Schilling v. Darmody, 102 Tenn., 439, 449, 450; Sully v. Childress, 106 Tenn., 100, 120; Sawyers v. Sawyers, 106 Tenn., 597, 605, 606; Caesar v. Harris, 108 Tenn., 653.

4. SAME. Same. Will not remand for additional pleadings if party asking is guilty of culpable negligence.

The supreme court will not remand a case in order that additional pleadings may be filed, if the party seeking the remandment has been guilty of culpable negligence. (*Post, pp.* 70-75.)

See Code, and cases cited und· · headnote 3.

## FROM FRANKLIN.

Appeal from Chancery Court of Franklin County.— T. M. McConnell, Chancellor.

James Taylor, T. A. Embrey and Lynch & Lynch, for Bank.

George E. Banks, for White.

Mr. Justice Neil delivered the opinion of the Court.

The facts out of which the question for decision arises are as follows:

Some years ago the complainant sold to the defendant a track of 2,000 acres of land lying in the mountains of Franklin county at $3,000, $1,500 of which was paid in cash, and for the balance a promissory note of $1,500 was executed. After this time White was sued in ejectment by R. A. Alger, and the land was recovered from him. The complainant in the present case was not notified by White to take charge of the litigation so as to protect itself upon its warranty, and in fact was not permitted by White to do so. It craved of White, after the decree was entered against him, the privilege of prosecuting an appeal to this court in the name of White, offering to protect him against the costs; but White would not agree to this. Subsequently, with a view to protecting itself, the bank attempted to prosecute a bill of review for the purpose of reviewing the judgment obtained in that case, but the court held he was not in a position to maintain such a bill, not being a party to the record.

It should also be stated that pending the proceedings in the Alger case the bank offered to take a reconveyance of the land from White, and to return to him the money he had paid, but White declined this proposition.

Pending the proceedings in the Alger case the bill in the present case was filed by the bank to collect the balance of the purchase money. Thereupon a cross bill was filed by White to recover of the bank the $1,500 previously paid to it, and interest thereon; the ground of action stated in the cross bill being that the bank had war-

ranted the title to the land, and the title had failed by reason of the recovery in the Alger case. In the answer to the cross bill the bank set up as a defense the facts above stated with reference to its efforts to protect itself in the litigation with Alger, in which the land had been lost, and the further fact that the title which it had conveyed to White was older than the Alger title, and that the ground on which Alger recovered the land was untrue in fact; that is, that Alger had been enabled to recover through proof of seven years' adverse possession, when in fact "the possessions" under which this claim was based did not rest upon the land at all, but upon another and different tract; and that White had lost the suit through his own negligence.

The chancellor rendered a decree against the complainant in the original bill and in favor of the cross-complainant, holding that complainant was bound by the proceedings in the Alger case, and should not be permitted to prove that the supposed Alger possessions did not in fact exist. On appeal to this court at a former term it was held that complainant bank was not bound by the proceedings in the Alger case, the decree of the chancellor was reversed, and the cause was remanded to allow complainant to introduce the evidence referred to, and for further proceedings.

When the case again reached the chancery court, the complainant fully proved that its title was the older, and that Alger never had possession of the land. The cross

complainant, White, then, instead of renewing the litigation on the lines laid down in the pleadings above recited, introduced evidence of a deed made to one Taul, which on its face, when taken in connection with the chain of title under which the complainant claimed, purported to be superior to the complainant's title. The cross complainant, however, filed no additional pleadings, hence there were no pleadings which would justify the introduction of the before mentioned deed in evidence. Objection was made by the complainant in the court below to the introduction of this deed on the ground that there were no pleadings to justify it; but this objection was overruled by the chancellor, and the deed admitted. The purpose of introducing the deed was, of course, to show that the complainant had no title to the land which it had sold to the defendant and cross complainant; hence that there was no consideration for the note which White had executed to it, and that he had got nothing for the money which he had paid to it.

The chancellor decreed in favor of White, but on appeal to this court the cause was referred to the court of chancery appeals, and in that court the decree was reversed. However, the court of chancery appeals declined to render a decree in favor of the bank for the balance of the purchase money due, but directed that the cause should be remanded to the chancery court of Franklin county, to the end that proper pleadings might be filed which would justify the introduction of the deed. The ground of the action of the court of chancery appeals in

making the remand was that in its opinion justice required such course in order that the rights of the parties might be correctly determined. The court of chancery appeals, however, found, as it seems, that under the deed of the complainant bank there had been seven years' adverse possession as against the title of Taul or the heirs of Taul; or at least strong grounds for so believing are stated in the opinion of this court.

There can be no doubt of course, that the decree of the court of chancery appeals was correct, in so far as it denied any relief to White by reason of the Taul deed, or as based on that deed, for the reason that there were no pleadings under which that deed could be introduced.

In the assignment of errors filed in this court by the complainant several grounds are laid on which to base the conclusion that the Taul deed was not a valid deed. This deed is on record in the register's office of Franklin county, and purports to have been made upwards of sixty years ago. It does not appear that either Taul or his heirs ever recognized the deed, or claimed under it, or claimed the land in any way. It does appear that George Gray, the alleged vendor of Taul, at his death devised this land to his son, under whom the bank purchased. It is probable that, if the Taul deed was ever a real conveyance, it was long ago cancelled or rescinded by the parties; otherwise it is not probable that George Gray would have attempted to devise it. However we shall, for the purpose of the discussion which follows, assume that the Taul deed was a valid deed at its incep-

tion, and that it has never been cancelled. From this standpoint we shall state the question which we regard as decisive of the case.

The question for determination is whether the court of chancery appeals acted correctly in remanding the case with leave to White to file additional pleadings.

In order to properly dispose of this matter, we have deemed it advisable to re-examine all of our authorities bearing upon the subject, and have done so.

We have a statute which regulates the practice, Shannon's Code section 4905 (Code 1858, section 3170), and numerous decisions construing this section.

We have also several cases which were decided by the court before the enactment of the Code of 1858, with which the above section originated.

These prior cases are *Henderson's Adm'r* v. *King,* 4 Hayw., 94, 98; *Cain* v. *Kersay,* 1 Yerg., 443; *Garner* v. *Hewet's Heirs,* 2 Yerg., 498; *Wilson* v. *Smith,* 5 Yerg., 379; *Stovall* v. *Bowers,* 10 Humph., 560; *McCandless* v. *Polk & Walker,* 10 Humph., 617, 621; *Smyth* v. *Carden,* 1 Swan, 28.

The cases since the enactment of the section of the Code above referred to are as follows: *Cowan* v. *Dodd,* 3 Cold., 283, 284; *Grider* v. *Harbison,* 6 Cold., 208, 214; *Charles* v. *Taylor,* 1 Heisk., 528; *Saylors* v. *Saylors,* 3 Heisk., 526; *Stewart* v. *Glenn,* 3 Heisk., 581; *Smith* v. *Hinson,* 4 Heisk., 250, 256; *Thurman* v. *Jenkins,* 2 Baxt., 429; *Fogg* v. *Union Bank,* 4 Baxt., 539, 541; *Wood* v. *Neely,* 7 Baxt., 590; *Evans* v. *Thompson,* 12

Heisk., 538; *McKinley* v. *Sherry,* 2 Lea, 201; *McEwen* v. *Gillespie,* 3 Lea, 204; *Puckett* v. *Richardson,* 6 Lea, 64; *Settle* v. *Marlow,* 12 Lea, 472, 474, 475; *Smith* v. *Carter,* 16 Lea, 527; *Bank of Jamaica* v. *Jefferson,* 92 Tenn., 537, 542, 22 S. W., 211, 36 Am. St. Rep., 100; *Bond* v. *Montague,* 97 Tenn., 727, 37 S. W., 699; *Anderson Co.* v. *Hays,* 99 Tenn., 542, 567, 42 S. W., 266; *Mfg. Co.* v. *Weatherly,* 101 Tenn., 318, 322, 47 S. W., 432; *Schilling* v. *Darmody,* 102 Tenn., 439, 449, 450, 52 S. W., 291, 73 Am. St. Rep., 892; *Sully* v. *Childress,* 106 Tenn., 109, 120, 60 S. W., 499, 82 Am. St. Rep., 875; *Sawyers* v. *Sawyers,* 106 Tenn., 597, 605, 606, 61 S. W., 1022; *Caesar* v. *Harris,* 108 Tenn., 653, 69 S. W., 731.

The section of the Code referred to reads as follows:

"The court shall also, in all cases, where, in its opinion complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight, without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the object of the order, and upon such terms as may be deemed right."

Most of the decisions before the Code (*Henderson* v. *King, Wilson* v. *Smith, Stovall* v. *Bowers, McCandless* v. *Polk & Walker*) and some of the cases decided since the Code (*Cowan* v. *Dodd, Grider* v. *Harbison, Charles* v. *Taylor, Saylors* v. *Saylors, Stewart* v. *Glenn, Smith* v. *Hinson, Evans* v. *Thompson*), seem to lay down the doctrine broadly that the court will remand for the purpose of filing new pleadings or making additional proof where

it can be seen that justice has not been done as the case stands, or that such new pleadings and evidence are necessary for the purpose of effecting justice. These cases do not seem to qualify the duty referred to by any consideration of negligence on the part of the person to be benefited by such remand. However, nothing is said in either of the cases just referred to that would justify the statement that any serious negligence could be overlooked.

In two of the earlier cases (*Cain* v. *Kersay* and *Garner* v. *Hewet's Heirs*), the rule is recognized that there should be no remand if there has been a culpable negligence on the part of the person applying therefor. In several of the later cases (*Fogg* v. *Union Bank, McEwen* v. *Gillespie, Anderson Co.* v. *Hays, Mfg. Co.* v. *Weatherly, Schilling* v. *Darmody*) this point has been emphasized.

It is not essential that we should consider separately each of the authorities referred to in this opinion, but it will be found useful, as we think, to refer to a few instances where the court has deemed the oversight not a culpable one, and to others in which it has adjudged that the negligence was culpable. In *Wood* v. *Neely*, the case was remanded to enable the party to prove that a certain instrument of writing in his possession, the basis of the suit, had been assigned to him. There was no controversy in the court below on the subject of the assignment, and the testimony, while necessary, was in the nature of formal evidence. In *Settle* v. *Marlow*, the

oversight consisted in failing to prove that a person was dead whose death was assumed by the party because apparently notorious.  In *Smith* v. *Carter,* the oversight consisted in failing to prove the value of a certain lot claimed as homestead. In *Bank of Jamaica* v. *Jefferson,* the oversight was in the failure to prove the formal fact of the corporate existence of the complainant.   In *Sawyers* v. *Sawyers,* it appeared that the court and counsel in the trial below had both erroneously assumed that the answer of one of the defendants was evidence against another.   A remand was allowed, in order that proof might be made covering the point for which the parties had previously depended upon the answer.   In *Caesar* v. *Harris,* it appeared that the chief controversy in the case was over the validity of a tax sale, but in the course of the litigation it became necessary for one of the parties to rely upon a certain deed not arising in the main contest. He asked leave in the court below to prove this deed, but this was denied him.   This court held that the oversight . was not culpable, in view of the fact that the attention of the parties was directed to the main contest.   In all of the foregoing cases just cited the court was able to see that, with the missing testimony in, the party desiring it would be successful, and that justice would be subserved by the remand.

We shall now refer to some of the cases wherein the court held that by reason of culpable negligence the remand should be denied.  In *Cain* v. *Kersay* the demand was refused because the defect was such as might have

Bank of Winchester v. White.

been corrected in the court below by simply asking for an amendment. In *Garner* v. *Hewet's Heirs* the court pointedly referred to the fact that the case had once before been remanded for failure on the part of the complainant to put in certain pleadings. Speaking to the subject, the court said: "It is moved that this cause be remanded to said chancery court for further proofs. We are unhesitatingly of the opinion that this ought not to be done. Without the evidence which it is confessed is wanting, the complainant has failed in making out a case for the interference of this court. The practice insisted on would, in effect, make the hearing in the chancery court an experiment. We will not say that no case could arise where this court would remand a cause; but certainly, to justify it, the case must be one where it would be apparent that great injury would result from a denial of a motion like the present. This cause has been once remanded, and that for a failure on the part of the complainant in not putting in his replications to the answers," etc.

In *Fogg* v. *Union Bank* the remand was denied on the ground that the facts existed and were in the knowledge of the parties at the time the bill was filed; that a demurrer had called attention to the want of the very allegations of fact subsequently sought to be availed of by the remand; and that the litigation had been long pending. Moreover, the court said that it could not see, from the record, that justice had not been done.

In *McEwen* v. *Gillespie* the remand was denied on substantially the same grounds stated in the last case, with the exception that it did not appear in this case that the litigation had been long pending.

In *Anderson Co.* v. *Hays* the remand was denied because it appeared the party had had full opportunity to make the proof desired, and failed to do so, and the court could see that justice had been done as far as possible, in view of the complicated condition of the accounts of the defendant.

In *Mfg. Co.* v. *Weatherly* the remand was refused because the party had had ample time to make proof of the facts of which he now sought to avail himself by the remand.

In *Schilling* v. *Darmody* the remand was refused on the same grounds.

The controlling principle in every case is that, in order to justify the court in making the remand, it must be able to see that justice has not been done, and that it would in all probability be done by making the remand. This point is brought out clearly in *Evans* v. *Thompson, Smith* v. *Carter, Bond* v. *Montague, Sully* v. *Childress,* and *Caesar* v. *Harris,* as well as in several of the other cases cited.

In considering the cases decided before the Code and comparing them with the section of the Code above copied, it is clear that the latter was but a formulation of the rule contained in all of such prior cases when examined in relation to each other, and that the cases since

the Code section was passed, while now emphasizing the point that the court must be able to see that justice has not been done, and now emphasizing the point that there must be no culpable negligence, yet are but broader statements of the contents of the Code section. Their chief use, in respect of the point now under examination, is to illustrate the meaning of the term "culpable negligence" contained in the statute by showing examples of such culpable negligence and instances not held to amount to such negligence.

We shall now apply the foregoing observations, as far as may be necessary, to the case before the court.

In the first place, we are not able to see from the record, as it now stands, that justice has not been done to the cross complainant and defendant White. His action in respect of the Alger case, his failure to call on the bank to conduct that litigation, and, subsequently, his refusal to permit the bank to appeal in his name on securing him against costs, and his refusal to accept a rescission pending the controversy with Alger, do not commend him to the favorable consideration of the court. These circumstances, combined, seem to indicate the existence of bad faith on the part of White, although its nature is not fully disclosed, and can only be surmised.

Again, the court of chancery appeals find that in all probability the Taul title has been destroyed by adverse possession. It is true that the language of the court of chancery appeals is somewhat indeterminate, in that Judge Wilson of that court uses the expression that

there was evidence "tending to show" thus and thus; but, reading the whole passage, and noting that he does not state that there was any proof tending to show the contrary, it seems that the court of chancery appeals intended the statement referred to as a finding of fact. In addition to the foregoing, it seems probable that the Taul title would have continued to sleep, as it has slept for more than sixty years, if it had not been discovered and restored to activity by Mr. White. It is more than probable that, if his defense against the Alger claim had been fully presented, that claim would have been defeated. He (White) would have kept the land, and the Taul title would never have been heard of. So, as already stated, we cannot see, on the record as it stands, that any injustice had been done to Mr. White.

In addition to the foregoing, we think it was culpable negligence, in the sense of the statute, that Mr. White did not file some additional pleadings covering the point presented by the Taul deed, especially in view of the fact that his attention was called to the point by an exception to the evidence, based on this very ground. Furthermore, the litigation has been long pending, and it should at some time be brought to an end.

In view of the foregoing considerations we are of opinion that the court of chancery appeals erred in remanding the cause. We are further of the opinion that a decree should be entered here for the amount of complainant's debt and interest, with the costs of the cause.