CITIZENS' BANK *et al. v.* H. A. KLYCE COMPANY *et al.*

*(Jackson.  April Term, 1913.)*

**MECHANICS' LIENS.**  Mechanic waives his lien to the extent that he takes notes of the owner maturing after the expiration of the lien.

Under the statute (Shannon's Code, secs. 3531 and 3539), providing for mechanics' liens, and that they shall continue for one year only after the work is finished or the materials are furnished, and until the decision of any suit brought thereon, within that time, a mechanic and materialman installing certain machinery in the plant and property, of the owner, by taking in part payment notes, some of which did not mature for more than a year after the materials were furnished and the work was finished, waived his lien to the extent of the notes maturing after the expiration of the statutory lien, because such extension of credit prevented the lien claimant from beginning suit until after the maturity of such notes; but the lien was not waived to the extent of the notes maturing before the expiration of the statutory lien period.

Code cited and construed:  Secs. 3531, 3539 (S.); secs. 2739, 2740, 2745 (M. & V.); secs. 1981, 1981a, 1985 (T. & S. and 1858).

Cases cited and approved:  Manufacturing Co. v. Weatherly, 101 Tenn., 318; Air Brake Co. v. Railroad, 71 C. C. A., 1; Ehlers v. Elder, 51 Miss., 495; Flenniken v. Liscoe, 64 Minn., 269; Pryor v. White, 16 B. Mon. (Ky.), 605.

---

**FROM DYER.**

---

Appeal from the Chancery Court of Dyer County to the Court of Civil Appeals, and by writ of *certiorari*

from the Court of Civil Appeals to the Supreme Court. —C. P. McKINNEY, Chancellor.

BIGGS & SPRAGINS and DRAPER & RICE, for complainant bank.

S. GRANGER LATTA, for defendant Klyce Co.

---

MR. JUSTICE GREEN delivered the opinion of the Court.

This case presents a contest between a mortgagee and a mechanic claiming a statutory lien.

The Hess Warming & Ventilating Company installed certain machinery in the plant of defendant Klyce Company at Dyersburg. The work was completed March 7, 1908. The cost of the job was $8,400. Of this sum, $1,400 was paid in cash, and seven notes given for the balance. These notes matured, respectively, on August 3, 1908, November 3, 1908, February 3, 1909, May 3, 1909, August 3, 1909, November 3, 1909, and February 3, 1910.

In the summer of 1908, defendant Klyce Company executed a mortgage upon all its property to secure an indebtedness due the complainant Citizens' Bank and others. This mortgage was recorded in September, 1908.

Litigation arose among these parties, instituted by the Hess Company prior to March 7, 1908, the details of which it is not necessary to set out. The Hess Company claims a mechanic's lien upon the property for the work done by it, and insists that said lien is superior to the mortgage of the bank.

The chancellor held that the lien of the Hess Company was superior to the mortgage to the extent that the notes of said company matured during the twelve months next after the job was completed, but was of opinion that the mortgage lien was superior to any claim against the property for the payment of notes maturing after the twelve months had expired. The court of civil appeals affirmed the chancellor's decree, and we think both courts made a proper disposition of the case.

Section 3531 of Shannon's Code provides for a mechanic's lien; but section 3539, dealing with the duration of the lien, provides that it shall only "continue for one year after the work is finished or materials are furnished, and until the decision of any suit that may be brought within that time for the debt due said mechanic or undertaker."

While it may be conceded that a mechanic will not waive his lien by taking a promissory note of the owner of the property for the cost of the work, it is well settled that any agreement whereby the lien claimant extends credit to the owner to a time beyond the statutory duration of the lien has the effect of extinguishing such lien. Such an extension prevents the lien claimant from beginning suit for the enforcement of his lien until the time has expired, in which, by the terms of the statute, such a suit must be begun. Where the right to enforce an indebtedness for which a lien might otherwise be claimed is postponed until after the expiration of the lien, such a lien is necessarily renounced. This court has virtually held as much in *Manufacturing Company*

v. *Weatherly*, 101 Tenn., 318, 47 S. W., 432. See, also, 27 Cyc., 269; 20 Am. & Eng. Ency. of Law, p. 496; *Air Brake Co.* v. *Railroad*, 137 Fed., 26, 71 C. C. A., 1; *Ehlers* v. *Elder*, 51 Miss., 495; *Flenniken* v. *Liscoe*, 64 Minn., 269, 66 N. W., 979; *Pryor* v. *White*, 16 B. Mon. (Ky.), 605.

Other questions raised in the case have been fully considered. We are of opinion that there is no error in the decrees of the lower courts, and the petition for *certiorari* will accordingly be denied.