L. D. POWELL, et al. v. IDA POWELL KING, et al.

Eastern Section.   May 6, 1926.

Petition for Certiorari denied by Supreme Court January 29, 1927.

1. **Appeal and error.  A rehearing in equity is not to be had on account of the negligence or bad advise of counsel or a mistake as to the pertinency force or admissibility of evidence.**
    In an action to try title to real estate where the appellants asked for a new trial on the ground that counsel did not think it necessary to introduce certain proof, held that the mistake or bad advise of counsel is not a ground for new trial.

2. **Quieting title.  Wills.  Chancery court has jurisdiction to pass upon the validity of a will in an action contesting the title of real estate.**
    In a suit for specific real property where a will is a link in the chain of title of one of the contesting parties, held a chancery court has jurisdiction to pass upon the validity of the will, when it was alleged that the will was obtained by fraud.

Appeal from Chancery Court, of Meigs County; Hon. T. L. Stewart, Chancellor.

Affirmed and Remanded.

Allison, Lynch & Phillips, of Chattanooga, and J. B. Swafford, of Dayton, for appellant.

John L. Godsey, of Dayton, and J. U. Lillard, of Decatur, for appellee.

OWEN, J.   The defendants have appealed from a decree of the chancery court of Meigs county sustaining complainant's bill and granting complainants the relief they sought.   The complainants and the defendants are the children and grandchildren of Mary Jane Powell.   The complainants filed their bill alleging that they were entitled to an undivided one-half interest in certain lands described in the bill, consisting of 234 acres, situated in Meigs county, Tennessee.   It was alleged that Mary Jane Powell died in Meigs county on the —— day of June, 1917, and that she died intestate and the owner of the lands described in the bill.

Complainants' bill was filed October 1, 1921. The defendants to the bill were three daughters of Mary Jane Powell and the unknown heirs of Anise McPherson, who it was alleged was a daughter of Mary Jane Powell, and who had died intestate and left certain heirs in the State of Oklahoma. Complainants alleged that the three daughters, Ida Powell King, Laura Powell Robertson and Frances Powell, by fraudulent means and undue influence, persuaded and induced said Mary Jane Powell to execute a deed dated the 19th of August, 1915, to the tract of land in controversy. They likewise alleged that on the 19th of May, 1904, these same defendants had, by fraudulent means and undue influence, induced Mary Jane Powell to execute a will and testament conveying all her property to the three mentioned daughters, and also to Anise McPherson, who was dead at the time the bill was filed, and that said will was probated in common form in the county court of Meigs county on August 13, 1917. It was charged that both said deed and will were fraudulent and void, and clouds upon complainant's title, and the bill sought to have said instruments removed as clouds upon their title. The bill also sought to have the lands sold for partition.

The three daughters, who were attacked in said bill as having procured said instruments by fraud, filed a demurrer and also an answer to the bill. The gist of the demurrer was that by the terms of said will complainants had no right to the property described in the will, and that the chancery court was without jurisdiction to set aside the will. The answer denied all allegations as to fraud and undue influence. The demurrer was overruled, and the complainants proceeded to take a great number of depositions.

The defendants offered no proof, and at the hearing complainants' bill was sustained. The deed and will were both declared null and void and removed as clouds from complainants' title. A reference was had to the Clerk & Master to ascertain whether the property should be partitioned in kind or sold for partition. The defendants excepted to the decree of the Chancellor in overruling their demurrer and in decreeing that the deed executed by Mary Jane Powell to defendants was obtained by undue influence, and also in decreeing that the will executed by Mary Jane Powell was also void because it was obtained by fraud and undue influence. An appeal was prayed and perfected to this court. We should have stated that a petition to rehear was filed, but this was disallowed.

The appellants have assigned as error the holding of the court that the deed and will involved in this litigation were obtained by undue influence. This assignment does not comply with rules of this court. No question has been made, however, by opposite counsel, and we will not give a strict construction to our rules in disposing of the assignment of error. In support of this assignment of error it

is insisted that the chancery court was without jurisdiction to set aside the will of Mary Jane Powell on the ground that it was procured by undue influence, and it is further insisted that the evidence does not justify the decree of the court in holding that the will was obtained by undue influence, and it is also insisted that the proof does not justify the court's holding that the deed executed by Mary Jane Powell was obtained by undue influence. It is also insisted that the court should have granted the defendants a re-hearing and reopen the case, and allow the defendants another opportunity to introduce proof.

Counsel for appellants admit as to the re-hearing that they did not think that the proof was sufficient to sustain complainants' bill and that the court would hold that it was without jurisdiction; therefore they advised their clients not to introduce any proof. A re-hearing in equity is not to be had on account of the negligence or bad advice of counsel, or a mistake, as to the pertaincy, force or admissibility of evidence. American English, Pleadings & Practice, vol. 18, sec. 13-14. A rehearing was refused on account of misunderstanding of Law. Cocke v. Evans, 9 Yerg., 291.

If the losing party should be granted a re-hearing under facts similar to the instant case, there would be but few cases in which a re-hearing could not be had, because the losing party often neglects some items of perhaps necessity for his case. A. Mfg. Co. v. Weatherby, 101 Tenn., 321.

The proof in the instant case tends to show that Mary Jane Powell was about 90 years of age at the time of her death. She was very feeble for a number of years prior to her death; she could not read nor write; she did not know how to count money; and some of the witnesses testified that she had the mind of an eight or ten-year-old child. It appears that her husband died in the year 1896. Soon after his death she released all her homestead and dower rights in her husband's lands and let the children born to her and her husband sell two tracts of land for partition and divide the personal property. She at that time would have released the property in controversy to her children had it not been for her physician and one of her sons-in-law, James Armstrong. It appears that this son-in-law, James Armstrong, rented the land in controversy as agent for Mrs. Powell for a number of years. She had no business qualifications, never asking him what he was getting per year as rent. He would sell her portion of the crops each year and turn the check over to her. These defendant daughters, who have appealed, lived with their mother, dominated her and controlled her. The lands in controversy are worth about eight or ten thousand dollars. The proof shows that Mrs. Powell stated that she wanted all her children to share equally in her estate, making such statements shortly

before her death. The deed which was attacked was signed by Mary Jane Powell and was drawn, executed and acknowledged in the City of Dallas, Texas. The Notary Public who took the acknowledgment testified that he was acquainted with one of the-defendant daughters, who introduced the bargainor, who acknowledged that she had signed the deed that is attacked, but from the description of this Notary the woman who acknowledged the deed was a much younger woman than Mary Jane Powell. So we find the decree of the Chancellor sustained by the evidence that both instruments were obtained by undue influence and that they are clouds upon complainants' title, and complainants should have the right to have the same removed.

Appellants insist that the cause should have remained in the chancery court until an issue devisavit vel non, or a will contest, should have been tried out in the circuit court. In the instant case complainants are seeking to recover an undivided one-half interest in a certain tract of land. They insist that the defendants are holding under instruments obtained by undue influence and fraud, and that one of these instruments, a will, as well as the deed attacked, is a cloud upon complainants' title and this cloud should be removed, and we are of the opinion that the chancery court had jurisdiction to pass upon the question whether or not the will was a cloud upon complainants' title.

Defendants in a litigation to a certain piece of real estate might claim under a will, and complainants in our opinion could have this will declared a cloud if it was a forged instrument and the chancery court would have jurisdiction to try the issue whether or not the will was a forgery. Undue influence is classed as a species of fraud. 26 C. J. 1060. And we are of the opinion that where suit is for specific real property and a will is a link in the chain of one of the contesting parties, a chancery court has the jurisdiction to pass upon the validity of the will when it is alleged that the will was obtained by fraud. This principal of law has been sustained by the Supreme Court of Tennessee in Weatherhead v. Sewell, 9 Humph., 271; Brown v. Brown, 14 Lea, 252; State v. Lancaster, 119 Tenn., 661; State v. Goodman, 133 Tenn., 380.

It results that all the assignments of error are overruled and disallowed. Th judgment of the lower court is affirmed. The appellants and their surety on appeal bond will pay the costs of this appeal, for which execution will issue. The cost of the lower court will be paid as decreed by the Chancellor.

The cause is remanded to the chancery court of Meigs county for the purpose of proceeding with the sale for partition, or partition in kind, or such other orders as the Chancellor shall decree.

Heiskell and Senter, JJ., concur.