CHARLES LEE HARRIS

*v.*

JOHN C. NAFF.

360 S.W.2d. 6.

(*Jackson,* April Term, 1962.)

Opinion filed September 7, 1962.

HANOVER, HANOVER, HANOVER & WALSH, Memphis, for petitioner.

ARMSTRONG, MCCADDEN, ALLEN, BRADEN & GOODMAN, Memphis, WARMATH & BOYTE, Humboldt, for respondent.

MR. JUSTICE WHITE delivered the opinion of the Court.

The complainant, Charles Lee Harris, obtained a judgment against the defendant, John C. Naff, in the amount of $10,198.04 in the Chancery Court sitting at Memphis, Tennessee. From the final order, there was an appeal to the Court of Appeals, which Court affirmed the action of the Chancellor. We granted certiorari and the cause has been argued at the Bar of this Court.

The original bill avers that on June 23, 1955 a judgment was entered against the complainant and the defendant in favor of Standard Lumber Company, Inc. in the Eastern Division of the Western District of the United States District Court in Tennessee in the amount of $14,500.00, together with costs. It is further averred

that the complainant paid said judgment and costs in full in order to prevent the issuance of a fieri facias, the complainant being solvent and the defendant not having assets subject to levy. Defendant has failed to respond to the demands of the complainant to reimburse him for one-half of the amount of said judgment, together with cost paid by the complainant, except the payment of the sum of $700.00 under the following circumstances.

The bill avers that complainant and defendant had incurred expenses by way of court costs, attorney's fees and other expenses, and in order to pay these expenses they entered into an agreement whereby they were to execute a note to Tri-City Finance Company, Humboldt, Tennessee, to be secured by certain real estate owned by the defendant in that city. The complainant executed said note but the defendant did not. Said note was sold and transferred to the Rutherford Bank, Rutherford, Tennessee, and has been renewed from time to time but defendant on each occasion has refused to sign the note. The original amount of the note was $2,438.58. Despite the fact that the defendant refused to sign said note, he has paid the said sum of $700.00 on said note but no payments have been made during the two years immediately preceding the filing of the bill. Complainant has made no payments on said indebtedness. The complainant avers that the defendant has advised him that he, the defendant, did not intend to make further payments on said note.

The Court entered an order against the defendant for $7,250.00, representing one-half of said judgment which the complainant alleged he had paid in full together with interest at the rate of 6% per annum from and after

September 19, 1955 to the date of the decree being in the amount of $2,428.75 and an additional sum of $1,219.27, representing one-half of an indebtedness due by a note agreed to be executed by both parties but actually signed only by the complainant less a credit of $700.00 paid by the defendant resulting in a judgment in the total amount of $10,198.04 entered by the Court against the defendant together with costs.

The original bill was filed on February 16, 1960 and it prayed that "he (the defendant) be required to answer this petition, but not under oath, his oath to answer being hereby waived".

On March 22, 1960 the defendant, acting through his solicitors of record, filed the following unsworn answer:

"Comes now the defendant, and for answer to the bill heretofore filed against him in this cause, and says that he is not indebted to the complainant in any manner whatsoever in any amount.

"And now having fully answered, the defendant prays to be hence dismissed with his costs."

On December 11, 1960, the parties through their solicitors of record filed a stipulation expressly consenting "that it be heard and determined by the Chancellor upon the oral testimony of the witnesses in open court".

On April 14, 1961 an order was entered by the Court, viz:

"This cause came on to be heard this April 14, 1961 upon motion of complainant to require defendant to plead his defenses more specifically, and it appearing to the Court that same should be required.

"IT IS THEREFORE ORDERED That, defendant in this cause plead his defenses more specifically and file such pleading within 5 days from the date hereof."

On April 20, 1961, the cause came on finally to be heard "upon the original bill filed herein, personal service had upon defendant, upon answer of the defendant denying the indebtedness and upon stipulation of parties for an oral hearing filed in the cause * * *." When the case was called for trial the parties announced ready and then the complainant moved the Court to amend his original bill so as to sue for the allowance of reasonable attorney's fees with which to pay his solicitors of record, which motion was overruled by the Court.

Solicitors for complainant then moved the Court for an order pro confesso on the ground that the defendant had failed to file a sufficient answer, and had neglected or refused to more specifically state his defenses within five days, as ordered by the Court on April 14, 1961.

The Court then very courteously gave the defendant an opportunity to comply with the Court's order of April 14, 1961 but the defendant declined to plead further and elected to stand on his plea as orginally filed on March 22, 1960, more than a year before the final hearing.

The motion for an order pro confesso was then granted and the Court ordered "that the matters in controversy existing between the parties be taken for confessed by the defendant and the cause set for hearing ex parte, the complainant requesting a final decree on the facts set forth in the original bill without the tender of proof".

Thereupon, it was the considered judgment of the Court that the complainant have and recover of the de-

fendant the total amount aforesaid, together with all costs. The final decree was entered on May 17, 1961.

To the action of the Court the defendant made due exception and prayed an appeal, which appeal was granted conditioned upon the defendant making an appeal bond or proceeding in forma pauperis within the time prescribed by law.

There are several assignments of error, but they are generally to the effect that the Chancellor and the Court of Appeals erred in finding that the above quoted answer was insufficient and in granting a pro confesso judgment without requiring proof. They will, therefore, be considered together.

Generally, it is the contention of the appellant that the answer was sufficient to make an issue and put the complainant to his proof and that an unsworn answer cannot be excepted to for insufficiency. The appellee argues that the answer must, by statute, contain a clear and orderly statement of facts upon which the defense is based, that the answer herein was inadequate and evasive and therefore no answer at all, that it leaves nothing to be proved, and that the pro confesso judgment was proper. This contention was upheld by the Chancellor and the Court of Appeals.

By statute, when an answer to a bill in Chancery has been filed the Clerk and Master shall notify the complainant's solicitor thereof and he may, within twenty (20) days, file exceptions to it. (Sec. 21-701 T.C.A.) If the complainant fails to except to the answer within twenty (20) days, the cause shall be at issue and stand for trial at the next term after the answer is filed. (Sec. 21-802 T.C.A.)

When the appellant filed his answer, no exceptions to its sufficiency were filed by the appellee within the time permitted by the statute. Moreover, the appellee treated the answer as sufficient nine months later when the parties, on December 19, 1960, consented and stipulated that the cause should be heard upon oral testimony of witnesses in open Court.

Therefore, if exceptions to the sufficiency of the answer could have been made, the time for making them had long since passed when, on April 14, 1961, appellee moved the Court to require the appellant to plead his defenses more specifically, if this motion was based on the belief that the answer was simply insufficient, it was too late and should not have been granted.

Appellant points out, however, the rule that exceptions to an answer for insufficiency will not lie where the oath to the answer is waived. *Sheppard v. Akers,* 1 Tenn.Ch. 326; *Smith v. St. Louis Mut. Life Ins. Co.,* 2 Tenn.Ch. 599; *Rugg v. Nash-Echoff Motor Co.,* 161 Tenn. 121, 126, 29 S.W.2d 664.

The rule is explained in Gibson's Suits in Chancery, 5th Edition by Crownover, Volume 1, Section 368, page 423, as follows:

"What is meant by the statement that an unsworn answer cannot be excepted to for insufficiency is: that it cannot be excepted to for not meeting every charge, averment and interrogatory contained in the bill, if it, as a whole, contains sufficient to make an issue. This answer may be a general one, as stated above; but if the defendant makes an issue as to some of the material allegations of the bill, but utterly ignores

440

others, and nowhere in his answer generally traverses 'all the material allegations not otherwise answered', such an answer would be liable to exception for insufficiency, because the defendant must answer sufficiently to make an issue on the whole bill.''

The Court of Appeals concluded that this rule and the above authorities were not controlling because, as the appellee contends, ''the so-called 'answer' filed by the defendant was in fact no answer at all,'' and might have properly been stricken by the Chancellor.

It is true that the answer might have been stricken upon proper exceptions filed within the time permitted by sec. 21-802 T.C.A., but no such exceptions were filed and, therefore, it is not necessary to make a decision on that point.

■ It is true that sec. 21-613 T.C.A. says:

''The answer *should*, in like manner to the bill, contain a clear and orderly statement of the facts on which the defense is founded, without prolixity or repetition, and with a prayer of dismissal or counter relief, according to the nature of the case.'' (Emphasis supplied.)

This provision of the Code is, as it indicates, directory and not mandatory. If considered to be mandatory, then it would be inconsistent with the rule generally accepted that an unsworn answer cannot be excepted to for insufficiency.

Under Section 368 at page 422 of Gibson's Suits in Chancery it is said: ''* * * when an unsworn answer is called for, it is manifest that no discovery is sought or expected, and that complainant contemplates nothing

more from the defendant than a pleading making an issue.''

■ The primary question then is whether or not the answer herein satisfies the requirement indicated. The plea filed by the defendant is nothing more than a plea of nil debet, a form of the general issue in all actions of debt on a simple contract. The effect of the plea is a complete denial of any indebtedness whatever in any amount to the appellee. The appellant thereby denied all the averments of the appellee's bill, thus making an issue and putting the appellee to his proof. In Chancery every allegation of fact not admitted must be proved. *Bank of Jamaica v. Jefferson,* 92 Tenn. 537, 22 S.W. 211.

■ We, therefore, hold that the Chancellor and the Court of Appeals were in error in finding that this was ''no answer at all'' and in allowing the complainant to take a pro confesso judgment. That the Chancellor entertained some doubt as to the correctness of the procedure appears from the record, wherein he said:

''As I have mentioned to you gentlemen, it is the opinion of the Court with respect to this particular issue that the complainant has the option at his risk, as indicated by the Court, of proceeding to introduce the proof or he may take a judgment against the defendant, and of course this is at the risk of the complainant, because this Court under no circumstances undertakes to guarantee to anyone that its conclusions in this or any other matter are correct and because the decisions of any lower Court are always subject to review by an Appellate Court.''

We do agree, however, that it would have been more proper for the appellant to have filed a more complete

answer. As stated in Gibson's Suits in Chancery, supra, Section 368, page 423:

"Nevertheless, whatever may be the strict law when tested, it is unquestionably the better practice for an unsworn answer to respond to each of the material allegations, in their order, and conclude with a general denial of each and every allegation not already answered unto. Besides, where a defendant, by denying well known facts, thereby causes the cost of proving them, it would be a proper exercise of discretion to onerate him with a part of the costs, even when successful. For all parties owe it to the Court, and owe it to the cause of justice and of good pleading, to circumscribe the issues as much as possible, and to make the costs of litigation as light as possible."

Consistent with our opinion, this cause must be remanded and the appellee must be put to his proof.

In view of our holding, as aforesaid, it is unnecessary to consider any other matters contained in this record at the present time, and this case is remanded for further proceedings not inconsistent with this opinion. In view of the unusual circumstances of this case we believe that the costs of this appeal should be borne equally by the parties, and it is so ordered.